JOHN CROTTY *v.* BOROUGH OF NAUGATUCK ET AL.
(9649)

O'CONNNEL, FOTI and LANDAU, Js.

Argued April 26—decision released August 27, 1991

*Mary Beattie Schairer,* with whom, on the brief, were *Hugh Keefe, Donn A. Swift* and *John M. Walsh,* for the appellant (plaintiff).

*Thomas J. Rechen,* with whom, on the brief, was *Anthony J. Natale,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant.[1] The plaintiff sought reimbursement pursuant to General Statutes § 53-39a[2] from the borough of Naugatuck, where he was employed as a police officer, for legal fees incurred in his defense of perjury charges. The plaintiff claims that the trial court improperly found that he was not acting in the course of his official duties while testifying before the grand jury.

The plaintiff, a sergeant in the Naugatuck police department, was subpoenaed to testify before a grand jury investigating possible official corruption. He testified on June 13 and July 1, 1985, regarding a police union sponsored fund-raiser in 1982 and an alleged kickback to the mayor. On the second day the plaintiff was questioned in detail about a check that he had signed that was made payable to cash and recorded in the

---

[1] In addition to the named defendant, the mayor of the borough of Naugatuck was also a defendant. For purposes of this appeal, we will refer to the borough of Naugatuck as the defendant.

[2] General Statutes § 53-39a provides in relevant part: "Whenever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred."

check register as a campaign donation to the mayor.[3] In December, 1985, the plaintiff was charged with two counts of perjury. The first count pertained to the testimony the plaintiff gave on June 13, and the second count resulted from the July 1, 1985 testimony. The plaintiff retained counsel and on March 17, 1987, a jury convicted him on the first count, but acquitted him on the second count.

After the trial, the plaintiff wrote to the clerk for the borough of Naugatuck seeking $21,187.60 as reimbursement for his attorney's fees. The borough refused to pay, and the plaintiff brought this action. The trial court found that the plaintiff's appearance before the grand jury was not made in the course of his official duties and, therefore, rendered judgment for the defendant.

The plaintiff challenges on two grounds the trial court's finding that the plaintiff's testimony was not given in the course of his official duties. The plaintiff claims that the trial court improperly classified this issue as a question of fact, and that the trial court in its finding improperly considered the plaintiff's union activity rather than merely his testimony. We affirm the judgment of the trial court.

The plaintiff first argues that the issue of whether his appearance before the grand jury was made in the

[3] On July 1, 1985, Crotty was asked the following:

"Q. Have you ever discussed cash payments to Mayor Rado with anyone?

"A. No sir.

"Q. The entry with respect to the check that I just showed you, the $192 check made payable to cash, is [that] in the checkbook?

"A. Check no. 155 dated March 25. It says mayor campaign donation, $192.

"Q. Do you have any knowledge whatsoever as to what happened to that check after you wrote it?

"A. No, sir.

"Q. And any knowledge as to why you wrote that particular check?

"A. I don't even remember what I did with it."

course of his official duties was a question of statutory interpretation, and that the trial court's treatment of this issue as a question of fact requires reversal of the judgment. We will not review this claim because the plaintiff did not raise this issue before the trial court.

The plaintiff addressed this central issue as a question of fact at trial. Both his pretrial memorandum and trial brief urged the trial court to find as a factual matter that he was acting within the course of his duties.[4] Having lost this issue at trial, the plaintiff seeks on appeal to reverse the trial court claiming that this issue is properly a question of statutory interpretation. This court will not review issues of law that are raised for the first time on appeal. Practice Book § 4185; *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 460, 538 A.2d 1017 (1988). To allow the plaintiff to proceed on his factual theory at trial and then press his statutory interpretation on appeal would amount to an ambuscade of the trial court. See *State* v. *King,* 216 Conn. 585, 590, 583 A.2d 896 (1990); *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95 (1960).

The second issue raised by the plaintiff is whether it was proper for the trial court to consider the plaintiff's union activity in its determination that his grand jury testimony was given outside his official duties. The plaintiff first argues that the trial court should not have

---

[4] The plaintiff made the following argument in his trial brief: *"[T]here are a number of factors* which clearly show that Mr. Crotty was acting within the course and scope of his employment at the time of the events and where the subject was a grand jury testimony. The following factors would be considered in this regard." (Emphasis added.)

The plaintiff also included the following passage in his supplemental trial brief: *"The above facts establish that Mr. Crotty was in the course and scope of his employment* while testifying before the grand jury in June and July of 1985. *The facts above clearly meet the three factors set forth by the Connecticut Supreme Court* in the case of *Rawling* v. *New Haven,* 206 Conn. 100, 107, 537 A.2d 439 (1988)." (Emphasis added.)

considered the 1982 union activity at all in analyzing whether the grand jury testimony regarding this activity was properly within the course of the plaintiff's duties. We disagree. The sole reason for the plaintiff's testimony before the grand jury was his previous union activity. It would be impossible for the trial court to decide whether the testimony was given in the course of the plaintiff's official duties without considering this important circumstance.

The plaintiff further argues that even if the trial court properly considered the union activity, it should have found that this activity was incidental to his employment. The plaintiff specifically challenges the trial court's finding that "the union's administration of its own affairs and funds" was not within the course of the plaintiff's official duties.[5] We affirm the judgment of the trial court.[6]

In interpreting the phrase "in the course of his duty" as used in § 53-39a, our Supreme Court has relied on the definition of this phrase in the Workers' Compensation Act, General Statutes § 31-275 (12). *Link* v. *Shelton,* 186 Conn. 623, 627, 443 A.2d 902 (1982). This interpretation gives us a three part test for deciding whether this statutory requirement has been met. Conduct will be found to have occurred in the course of duties if it took place (1) within the period of employment, (2) at a place where the employee could reasonably be, and (3) while the employee is reasonably fulfilling the

[5] The plaintiff argues that the trial court fashioned a rule of law holding that all union activity, except that relating to collective bargaining, is outside the course of official duties. Although the defendant argued for such a rule, the trial court clearly stated that it decided this issue as a question of fact. This claim is based on a misinterpretation of the trial court's memorandum of decision, and, therfore, has no merit.

[6] Because we affirm the judgment of the trial court, we need not pursue the alternative grounds presented by the defendant for upholding that court's judgment.

duties of employment or doing something incidental to it. *Rawling* v. *New Haven,* 206 Conn. 100, 106–107, 537 A.2d 439 (1988); *Ryeson* v. *A. E. Bundy Co.,* 107 Conn. 370, 372, 140 A. 763 (1928). The plaintiff was clearly acting within the period of his employment and at a place where he could reasonably be, both while giving the grand jury testimony and while engaging in the union activity that was the subject of that testimony. The sole remaining issue, therefore, is whether the third prong of this test has been met.

To succeed on his claim, the plaintiff must show that his grand jury testimony regarding the union fund-raiser and the subsequent disbursements either fulfilled his duties as a police officer or were incidental to his employment. Because the record shows that the defendant neither directed these activities, nor had any interest in them, they could not have been performed in fulfillment of the plaintiff's duties as an officer. See *McNamara* v. *Hamden,* 176 Conn. 547, 550, 398 A.2d 1161 (1979). The plaintiff is left with the burden of showing that these activities were incidental to his employment as a police officer. The trial court resolved this factual question against the plaintiff. See *Fair* v. *People's Savings Bank,* 207 Conn. 535, 541, 542 A.2d 1118 (1988). "This court will not retry the facts found by the trial court when they are amply supported by the evidence and are not clearly erroneous." *Oakleaf Marina, Inc.* v. *Ertel,* 23 Conn. App. 91, 94, 579 A.2d 568, cert. denied, 216 Conn. 827, 582 A.2d 206 (1990); *Halepas* v. *Malerba,* 3 Conn. App. 403, 404, 488 A.2d 847 (1985).

The record supports the trial court's finding. There was no evidence that the union fund-raiser or the subsequent disbursements benefited the defendant in any way. See *Farnham* v. *Labutis,* 147 Conn. 267, 270–71, 160 A.2d 120 (1960). Nor was there evidence that any

member of the board of police commissioners acquiesced in the union disbursements, or even knew of their existence. See *McNamara* v. *Hamden,* supra, 556. The trial court's factual findings are supported by the record.

The judgment is affirmed.

In this opinion the other judges concurred.