[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant has filed a motion to strike the plaintiff's complaint on the grounds that (1) the Worker's Compensation Act affords the plaintiff his exclusive remedy, and (2) a CUTPA claim may not be brought against an insurer without allegations of a violation of CUIPA.
A motion to strike the plaintiff's amended complaint of May 22, 1991 was argued before this court on October 7, 1991. A decision granting the motion was issued by this court on November 26, 1991.
The plaintiff, On December 11, 1991, filed an amended complaint dated December 9, 1991, apparently attempting to cure the original deficiency.
On January 6, 1992, this court granted the defendant's motion to reargue. In effect, the court agreed to entertain the defendant's December 16, 1992 motion to strike the new amended complaint.
In a single count, the plaintiff, Roy Lenz, alleges that while in the course of employment with the Canteen Corporation he was injured. He also alleges that at the time of the injury, he was concurrently employed elsewhere. Plaintiff further alleges that he and the defendant, CNA Assurance Company of Connecticut, the workers' compensation carrier for Canteen, orally agreed to compensation for both jobs. Presumably, this agreement was made pursuant to General Statutes 31-310, which provides for concurrent employment payments from the second injury fund. Moreover, plaintiff alleges that, in violation of General Statutes 31-296a (which requires an employer to follow certain procedures as stated in 31-296 before discontinuing or before reducing workers' compensation payments under oral agreement), the plaintiff unilaterally and intentionally stopped the concurrent employment payments between January, 1989 and March, 1991. Furthermore, plaintiff alleges that during that same period, the defendant frequently claimed to have mailed checks which were actually not sent until weeks later.
Finally, plaintiff alleges that his incapacity continued during this period of time; and that such acts and practices of the defendant caused plaintiff emotional distress, impaired credit and financial loss. Plaintiff alleges that such deceptive and unfair practices constitute a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), 42-110a, et. seq. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and other relief as provided by 42-110g. CT Page 1166
The defendant now moves to strike the plaintiff's amended complaint on the grounds that: (1) the Workers' Compensation Act provides the plaintiff's exclusive remedy, and (2) under Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986), a plaintiff can only maintain a CUTPA action against an insurance company by alleging violations of the Connecticut Unfair Insurance Practices Act ("CUIPA").
Both parties have filed the requisite memoranda of law, in accordance with Practice Book 155.
A motion to strike is the proper vehicle to test the legal sufficiency of the allegations of a complaint. Practice Book 152. The court must take the facts as alleged in the complaint and construe them in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36-37,522 A.2d 1235 (1987).
General Statutes 31-284, commonly known as the exclusivity provision of the Workers' Compensation Act, provides) in relevant part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . . .
Section 31-275(12) defines "arising out of and in the course of his employment" to mean "an accidental injury happening to an employee . . . originating while he has been engaged in the line of his duty in the business or affairs of the employer. . . ." In Ryerson v. Bounty, 107 Conn. 370, 372-73, 140 A. 728 (1928), the Connecticut Supreme Court further articulated this definition:
 An injury is said to arise out of the employment (a) when it occurs in the course of the employment, and (b) when the injury is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed. . . .
 An injury arises in the course of the employment when it takes place (a) within the period of the employment, and (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it. CT Page 1167
Accord, Crotty v. Naugatuck, 25 Conn. App. 599, 603-04,595 A.2d 928 (1991).
The plaintiff is not basing his action in the instant case on an injury which arises out of and in the course of his employment. Rather, he alleges that the defendant's unilateral termination of payments violates CUTPA. Consequently, this action is not barred by the exclusivity provision of the Workers' Compensation Act.
As to the defendant's second ground for striking the plaintiff's CUTPA claim, it would appear that the defendant's reliance on Mead, supra, is misplaced.
The defendant interprets Mead to hold that absent an alleged CUTPA violation, a plaintiff may not maintain a CUTPA action against an insurance carrier. Concededly, there exists authority for the defendant's interpretation, including superior court cases; see Quimby v. Kimberly Clark Corporation, 4 CTLR 211 (July 1, 1991, Susco, J.); Monroe v. Investors Life Insurance Co.,3 CSCR 444 (June 13, 1988, (Purtill, J.); and Asselin, The Connecticut Workers' Compensation Practice Manual, (1984).
In Mead, supra, the court states: "The dispositive issue on this appeal is the scope of an insurance company's statutory liability for alleged failure to conduct a reasonable investigation of a property damage claim against its insured." Id., 652. The court goes on to hold that the insurance industry is regulated by both CUIPA and CUTPA. Id., 663. The court then considers whether "conduct that does not violate CUIPA constitute[s] an unfair act or practice under CUTPA." Id.
The court reasoned that the plaintiff's public policy argument, namely, that conduct not specifically prohibited by CUIPA may nonetheless offend the public policy of that statute and therefore may be actionable under CUTPA must fail. The court stated that the applicable section of CUIPA reflected what the legislature had determined would be violative of public policy. Therefore, the plaintiff's allegations of CUIPA violations, having failed to rise to the required level, could not be the basis for a CUTPA claim based upon a violation of public policy. Id., 665-66.
The court also cited to Conaway v. Prestia, 191 Conn. 484,464 A.2d 847 (1983), for the proposition that while "CUTPA may authorize a cause of action that builds upon the public policy embodied in specific statutory provisions, such a CUTPA claim must be consistent with the regulatory principles established by the underlying statutes." Mead, supra, 665. CT Page 1168
The underlying statute upon which the plaintiff bases his CUTPA claim is 31-296a, which provides, in part:
 No employer shall discontinue or reduce payment on account of total or partial incapacity under any oral agreement . . . if it is claimed by or on behalf of the injured person that his incapacity still continues, unless such employer notifies the commissioner and the employee of the proposed discontinuance or reduction in the manner prescribed in section 31-296 and the commissioner specifically approves such discontinuance or reduction in writing.
The plaintiff has alleged that the defendant unilaterally discontinued his concurrent employment benefits while he was still incapacitated; that no notice was ever given to either the commissioner or the employee of the proposed discontinuance; and that the commissioner never approved such discontinuance in writing.
The allegations in the plaintiff's December 9, 1991 amended complaint sufficiently sets forth a cause of action for violation 3-296a, which is the basis or his CUTPA claim.
Accordingly, the defendant's motion to strike is denied.
MAIOCCO, J.