[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, a detective sergeant in the Police Department of the City of Shelton, instituted the present action seeking indemnification, pursuant to General Statutes 53-39a, from the defendant City for economic losses, including attorney's fees, necessarily incurred by him in the defense of the criminal prosecution based upon allegations of a sexual assault made by a third party. The complaint and affidavit filed on behalf of the plaintiff establishes that he was a detective sergeant of the Police Department of the City of Shelton; that he was arrested and prosecuted for aggravated sexual assault in the first degree; that the alleged sexual assault never occurred; that he retained counsel to defend the accusation and incurred expenses thereby; that he had no contact with the individual making the allegations outside of his duties as a police officer; that the charges against him were nolled and that 13 months have passed since the nolle was entered resulting in the erasure of all records relating thereto pursuant to the provisions of General Statutes 54-142a(c).
The statute under which the plaintiff claims a right of indemnification, General Statutes 53-39a, provides, in pertinent part, as follows:
 "Whenever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution including the payment of any CT Page 258 legal fees necessarily incurred."
The plaintiff has filed a motion for summary judgment asserting that the affidavit he has filed establishes compliance with all requirements of General Statutes 53-39a and, therefore, he is entitled to judgment as a matter of law.
The defendant has also filed a motion for summary judgment asserting that the indemnification statute only applies when the charge "is dismissed or the officer found not guilty" and that, while a nolle was entered and 13 months have passed since the date the nolle was entered, such action is not the equivalent of a dismissal or a not guilty finding within the meaning of the statutes. The plaintiff does not claim that a "dismissal" was entered nor does he claim that he was found "not guilty" but does claim that the nolle, together with the erasure of records as provided in General Statutes 54-142a, is the equivalent of a dismissal and providing for indemnification would carry out the purpose of the statute which is "to protect police officers from the cost of defending false criminal charges arising in the course of police duties."
The defendant has submitted portions of the transcript of proceedings held before Judge Fuller at the time the nolle was entered. That transcript is not certified but the plaintiff has made no objection to the court considering such transcript on that basis. The transcript of proceedings are not at variance with any of the claims made by the plaintiff and the plaintiff made reference to those proceedings in oral argument on the motions pending before this court. Accordingly, the court has consulted that transcript to determine what occurred at the time the nolle was entered.
That transcript indicates that the assistant state's attorney entered a nolle pursuant to the provisions of General Statutes54-56b on the grounds that the complaining witness, and victim, had disappeared and that he did not know where she was. Under General Statutes 54-56b and Practice Book 726, a nolle prosequi may not be entered if the accused objects thereto and demands either a trial or dismissal "except with respect to prosecutions in which the nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that further investigation is therefore necessary." At the time of the proceedings, Judge Fuller CT Page 259 indicated that he did not believe that he could dismiss the case and that otherwise he would probably be inclined to do so. Judge Fuller also noted that he was sure that neither the judge who signed the warrant, and certainly not Judge Fuller, would sign another warrant the State brings the matter back. Accordingly, the court then accepted the nolle.
With respect to the plaintiff's claim that he is entitled to a summary judgment, the plaintiff has the burden of proving that the charges arose "in the course of his duty" as a policeman which is generally a question of fact. Rawling v. New Haven, 206 Conn. 100,106-107 (1988); see also, Crotty v. Naugatuck, 25 Conn. App. 599,604 (1991). On the papers presently before the court, questions of fact exist with respect to the plaintiff's entitlement to indemnification and, therefore, the summary judgment filed by the plaintiff would, in any event, be required to be denied.
With respect to the motion for summary judgment filed by the defendant, it is true, as claimed by the plaintiff, that a statute should not be interpreted to thwart its purpose. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 489 (1978). However, in giving effect to the apparent intent of the legislature, the starting point is the language employed in the statute. King v. Board of Education, 203 Conn. 324, 332 (1987). In construing a statute, such as General Statutes 53-39a, the court must be guided by "the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." Rawling v. New Haven, 206 Conn. at 105.
In the present case, the legislature has determined that a police officer, such as the plaintiff, is entitled to indemnification where (1) "the charge is dismissed" or (2) the officer is "found not guilty". General Statutes 53-39a. There is no claim that the plaintiff was "found not guilty" and, therefore, the determination of the issue revolves around the claim that the nolle, coupled with the passage of 13 months, constitutes a dismissal so as to bring the plaintiff is within the ambit of the statute.
General Statutes 54-56 provides that all courts shall at all times have jurisdiction and control over the proceedings and may at any time dismiss the case upon motion and order the defendant discharged if, in the opinion of the court, there is not sufficient CT Page 260 evidence or cause to justify the bringing or continuing the charge or the placing of the person accused on trial. Practice Book 815 also lists various defenses or objections that may be determined by motion to dismiss. Whether a dismissal occurs under General Statutes 54-56 or on the basis of the matters encompassed Practice Book 815, it is the court, and only the court, that can issue an order which will result in the dismissal of the case.
On the other hand, a nolle prosequi determines nothing except that it ends the particular proceeding. Hing Wan Wong v. Liquor Control Commission, 160 Conn. 1, 5 (1970). If the prosecution decides to proceed against the defendant after the entry of a nolle, a new prosecution must be initiated. Practice Book 727. "Until the enactment of General Statutes 54-46 (54-56b) in 1975, and the promulgation of Practice Book 2137 (now 726) in 1976, the power to enter a nolle prosequi was discretionary with the state's attorney; neither the approval of the court nor the consent of the defendant was required." State v. Lloyd, 185 Conn. 199, 201
(1981;. Both General Statutes 54-56b and Practice Book 726 provide some limitation upon the discretion of the prosecuting attorney by providing that a defendant may object to the nolle and demand a trial or a dismissal except where the nolle is entered upon a representation to the court, inter alia, that a material witness has disappeared. In such situations, the role of the court is limited in that the court must accept the entry of the nolle prosequi unless it is persuaded that the prosecutor's exercise of discretion is clearly contrary to manifest public interest. State v. Lloyd, supra at 204.
The plaintiff argues that when at least 13 months have elapsed since the entry of a nolle all records to the charges are required to be erased pursuant to the provisions of General Statutes54-142a(c). The plaintiff also argues that the acceptance of the nolle and the lapse of 13 months places the plaintiff in the same position as he would have been in had a motion to dismiss been granted by pointing to the footnote 1 in the case of State v. Lenczyk, 11 Conn. App. 224, 225 (1987) wherein the court stated:
 "(1) The defendant did not seek in the trial court to have the charges dismissed with prejudice. Had the defendant sought and the court granted such relief, the state would be precluded from prosecuting the defendant for the same offense. Practice Book 819 (now repealed). The granting of a motion to dismiss without prejudice, however, does not preclude the state from charging the CT Page 261 defendant in a new information with the same offenses within the applicable statutes of limitations. Id. Under the present posture of the case, the defendant is essentially in the same position as he would be in had the court dismissed the charges without prejudice. See Practice Book 727."
However, the issue before the court is not the impact of the proceedings upon the plaintiff, but rather, the conditions which the legislature has imposed before the indemnification provisions of General Statutes 53-39a becomes effective. The legislature has limited the obligation to indemnify to those cases where the charges have been "dismissed" or where the officer has been "found not guilty". The erasure statute itself, General Statutes54-142a, indicates that the legislature is aware of the difference between a dismissal, a finding of not guilty and a nolle. (Compare subsections (a) and (b) with subjection (c)). A dismissal of the charges can only be accomplished by the actions of a judge and cannot be accomplished by the exercise of discretion by the prosecuting authority. To interpret the indemnification statute, to also require indemnity where a nolle has been entered and 13 months have elapsed, would extend, modify and enlarge the scope of the statute by the mechanics of construction which the court cannot do when the statute is in derogation of the common law or creates a liability where formerly none existed. The legislature has limited the indemnification provisions to the two situations set forth in the statute has not extended those provisions to the entry of a nolle. The function of the court is not to determine whether the plaintiff should be indemnified, but only to enforce the legislature enactment.
Accordingly, the motion for summary judgment filed on behalf of the defendant is hereby granted.
Rush, J. CT Page 262