******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID M. FISHBEIN *v.* TONI MENCHETTI
(AC 37638)

DiPentima, C. J., and Alvord and Sheldon, Js.

*Argued March 10—officially released April 26, 2016*

(Appeal from Superior Court, judicial district of New Haven, Burke, J.)

*Richard P. Savitt*, for the appellant (plaintiff).

*Gerald M. Still*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, David M. Fishbein, appeals from the judgment, after a trial to the court, rendered in part in favor of the defendant, Toni Menchetti. On appeal, the plaintiff's primary claim is that the court improperly found that checks he issued on behalf of the defendant to a hospital and a medical group constituted gifts and not loans. We disagree, and, accordingly, affirm the judgment of the trial court.

The following procedural history and facts, as set forth in the court's memorandum of decision, are relevant to this appeal. The parties began a romantic relationship in 2008, and lived together for a period of time. The defendant filed a voluntary bankruptcy petition in 2009. Her financial difficulties arose, in part, from her health issues, namely, significant back problems that caused her excruciating pain and limited her mobility. At some point in 2008, it was determined that the defendant required surgery.

The defendant's health insurance provider declined coverage for her disc replacement surgery. The plaintiff issued two checks to pay the defendant's surgical expenses. The first check was payable to the Yale Medical Group in the amount of $33,500, and the second was payable to Yale-New Haven Hospital in the amount of $33,000. The plaintiff made the notation "Toni Menchetti loan from David Fishbein" on both checks. The plaintiff also provided additional loans to the defendant for other transactions not relevant to the plaintiff's appeal. At some point, the parties' romantic relationship ended.

By service of a complaint dated August 28, 2012, the plaintiff commenced the present action against the defendant. He claimed that he had loaned the defendant a total of $71,769.29 and that the defendant had breached her contractual obligation to repay that amount. The plaintiff also alleged that he was entitled to recover all sums that he had loaned to the defendant under the equitable theories of unjust enrichment and quantum meruit.

After a trial, the court issued a memorandum of decision on January 6, 2015. It determined that the plaintiff's breach of contract claim was barred by the statute of frauds. See General Statutes § 52-550 (a) (6). With respect to the plaintiff's claims of unjust enrichment and quantum meruit, the court determined that the dispositive issue was whether the two checks written by the plaintiff constituted loans or gifts. The court noted that the plaintiff wrote the words "Toni Menchetti loan from David Fishbein" on the memorandum line of the two checks written for the defendant's surgery. Furthermore, the court observed that at the defendant's bankruptcy hearing, the plaintiff, attending as a " 'friend of the debtor,' " stated that he loaned the defendant money

for her surgical expenses and expected to be repaid from the sale of properties owned by the defendant. The court, however, also credited the defendant's witnesses, all of whom "testified that the plaintiff told them that he intended to gift the surgery payments to the [defendant]." The court noted that these witnesses had not been impeached and that it found them credible. The court concluded: "The court finds that the plaintiff has presented evidence that, during the [bankruptcy] hearing, he intended to be reimbursed for the surgery payments. The defendant has presented evidence, however, that subsequent to the [bankruptcy] hearing, the plaintiff represented that he was going to pay and that he did not expect to be reimbursed. The court infers from these two facts that subsequent to the [bankruptcy] hearing, the plaintiff changed his mind . . . ."

As a result of its finding that the plaintiff had gifted the money to the defendant for her back surgery, the court determined that the plaintiff was not entitled to recover the $66,500 on any equitable theory. The court further concluded that the plaintiff's additional payments to the defendant for legal fees and insurance payments, in the amount of $5470, were not gifts. Accordingly, the court determined that the defendant had been unjustly enriched by her retention of that money and ordered her to repay it to the plaintiff. The court did not award any interest. This appeal followed.

On appeal, the plaintiff first claims that the defendant committed a fraud on the court. This issue was raised for the first time in the plaintiff's postjudgment motion "to set aside or open judgment" and "to reargue," which was filed on January 28, 2015.[1] The plaintiff, however, failed to raise this fraud claim at trial or in his posttrial brief; the first time it was mentioned was in the postjudgment motion. His appeal was taken from the court's judgment of January 6, 2015, and he has not amended the appeal to include the court's July 6, 2015 denial of his postjudgment motion. As a result, we decline to review this claim. See *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003); *Brown* v. *Brown*, 190 Conn. 345, 350–51, 460 A.2d 1287 (1983); see also Practice Book § 61-9.

The plaintiff's next claim of error is premised on his assumption that the court based its decision that the money he provided for the defendant's surgery constituted a gift in contemplation of marriage. He further contends that this was improper as a result of the defendant's fraudulent conduct. The flaw in this reasoning is that the trial court did not address the issue of a gift made in contemplation of marriage, and never used those words in its decision. As the plaintiff's claim is based on a faulty interpretation of the court's memorandum of decision, we need not address it further. See *Moasser* v. *Becker*, 107 Conn. App. 130, 142, 946 A.2d 230 (2008) (mischaracterization of trial proceedings

prevents appellate review); *Crotty* v. *Naugatuck*, 25 Conn. App. 599, 603 n.5, 595 A.2d 928 (1991) (claim based on mischaracterization of trial court's memorandum of decision has no merit).

The plaintiff next claims that the court did not act reasonably and abused its discretion in finding that he made a gift to the defendant for her back surgery. To the extent that this claim is made with respect to the court's denial of his postjudgment motion to open and reargue, we already have explained that we will not review claims regarding that motion because he failed to amend his appeal to challenge that ruling. To the extent that the plaintiff has challenged the court's determination that the money for the surgery constituted gifts, we conclude such a challenge is without merit.

Our Supreme Court has stated that the "burden of proving the essential elements of such a valid gift rests upon the party claiming the gift." *Bergen* v. *Bergen*, 177 Conn. 53, 56, 411 A.2d 22 (1979). "A gift is the transfer of property without consideration. . . . To make a valid gift inter vivos, the donor must part with control of the property which is the subject of the gift with an intent that title shall pass immediately and irrevocably to the donee." (Internal quotation marks omitted.) *In re Probate Appeal of Mikoshi*, 124 Conn. App. 536, 540, 5 A.3d 569 (2010); see also *Wasniewski* v. *Quick & Reilly, Inc.*, 292 Conn. 98, 103–104, 971 A.2d 8 (2009).

We note that it is the sole province of the trial court, as the trier of fact, to determine the credibility of the witnesses. *Wasniewski* v. *Quick & Reilly, Inc.*, supra, 292 Conn. 103. The court's determination that the defendant's witnesses were credible is beyond the scope of this court's review. Furthermore, we "give great deference to the trial court's factual determination of whether a gift has been made and will uphold the court's finding unless it is clearly erroneous. . . . [A] finding [of fact] is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id. As there was evidence before the court to support its finding that the money paid to Yale-New Haven Hospital and Yale Medical Group on behalf of the defendant for her back surgery constituted a gift, and this court is not left with a firm and definite conviction that a mistake was committed, we cannot say that its finding was clearly erroneous. Accordingly, this claim must fail.[2]

The judgment is affirmed.

[1] The trial court denied this motion on July 6, 2015, stating that "it was not timely and it raised issues already addressed by the court."

[2] With respect to the other claims of error listed in the plaintiff's statement of issues, or mentioned briefly in his appellate brief, we decline to review them because they are not briefed adequately. See *Carmichael* v. *Stonkus*, 133 Conn. App. 302, 307, 34 A.3d 1026, cert. denied, 304 Conn. 911, 39 A.3d

1211 (2012).

———————————