******************************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

BAYVIEW LOAN SERVICING, LLC
*v.* REAL M. GALLANT ET AL.
(AC 43835)

Alexander, Clark and Pellegrino, Js.

*Syllabus*

The substitute plaintiff, U Co., sought to foreclose a mortgage on certain
real property of the defendant G. B Co., which commenced the foreclo-
sure action, had assigned the note and mortgage to U Co., which there-
after was substituted as the plaintiff. During the foreclosure proceeding,
U Co. presented the trial court with a lost note affidavit from B Co., in
which B Co. stated that the original mortgage note was lost and could
not be found. The trial court rendered judgment of foreclosure by sale,
at which U Co. was the successful bidder. G filed a motion to dismiss
the foreclosure action, alleging, inter alia, that there was no evidence
that anyone had physical possession of the original note at the time the
foreclosure action was commenced or at any time during the action.
The trial court denied G's motion to dismiss, concluding that B Co.
had standing to prosecute the foreclosure action at the time of its
commencement. The court was presented with evidence pertaining to
the original note, including the lost note affidavit, and credited the
testimony of an employee of B Co. who was responsible for reviewing
its business records. The court determined that B Co. was the holder
of the note and the mortgage, and had possessed the original note
with endorsements at the time the note was lost. The court thereafter
rendered judgment for U Co., and G appealed to this court. *Held* that
the trial court properly denied G's motion to dismiss the foreclosure
action, B Co. having had standing to bring the foreclosure action at the
time it was commenced: B Co. possessed and was the holder of the
original note at the time it commenced the foreclosure action, the note,
which was endorsed in blank and thus payable to bearer, was not lost
prior to the commencement of the foreclosure action, G offered no
credible evidence to rebut the presumption that B Co. owned the debt,
and, the trial court having made those findings on the basis of its determi-
nation that B Co.'s employee was a competent and credible witness, this
court would not second-guess the trial court's credibility determination;
moreover, although G's motion to dismiss was unclear as to whether
his claim of lack of standing related to B Co. or to U Co., it nevertheless
failed, as U Co.'s failure to produce the original note in court was not
fatal to its foreclosure of the mortgage, the court having had before it
the lost note affidavit and having found that credible evidence demon-
strated that B Co. was the last entity to possess the original note with
endorsements before commencing the litigation, and, although the note
was lost while it was in B Co.'s possession, that did not affect U Co.'s
ability to foreclose the mortgage, as U Co. was able to prove its owner-
ship of the debt through the assignment of the note and mortgage that
secured the debt.

Argued September 23—officially released December 14, 2021

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty of the named defendant, and for other relief, brought
to the Superior Court in the judicial district of Windham
at Putnam, where U.S. Bank Trust, N.A., as trustee for
LSF9 Master Participation Trust, was substituted as the
plaintiff; thereafter, the court, *Cole-Chu, J.*, rendered
judgment of foreclosure by sale; subsequently, the court,
*Auger, J.*, denied the named defendant's motion to dis-
miss, and the named defendant appealed to this court.
*Affirmed.*

*John L. Giulietti*, for the appellant (named defendant).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Real M. Gallant[1] appeals from the judgment of foreclosure by sale[2] rendered by the trial court and from the court's denial of his motion to dismiss this foreclosure action, which had been commenced by the original plaintiff, Bayview Loan Servicing, LLC (Bayview), the assignee of a note and mortgage that had been executed by the defendant with respect to certain real property located in Brooklyn. The defendant claims that (1) the trial court, after holding an evidentiary hearing on the motion to dismiss, improperly determined that the substitute plaintiff, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust (U.S. Bank), has standing to maintain this action, even though the original note was not produced in court, and that the requirements of General Statutes § 42a-3-309, which governs lost instruments, had been satisfied because "all reasonable attempts" had been made to locate the lost note before a lost note affidavit was created,[3] and (2) a fraud was perpetrated on the trial court, which necessitates a reversal of the foreclosure judgment. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the claims on appeal. On February 2, 2006, the defendant executed a note in the amount of $322,800 in favor of VirtualBank, a division of Lydian Private Bank. The note was secured by an open-end mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for VirtualBank, which encumbered certain real property located in Brooklyn. Subsequently, the note and mortgage were assigned to JPMortgage Chase Bank, National Association, which, in turn, assigned the note and mortgage to Bayview on September 6, 2014. After the defendant defaulted on his obligations under the loan, Bayview commenced this foreclosure action on May 14, 2015. On September 29, 2015, the defendant was defaulted for failure to appear,[4] after which the defendant filed for bankruptcy protection. Thereafter, on January 12, 2017, Bayview assigned the note and mortgage to U.S. Bank. Relief from the bankruptcy stay was granted in November, 2017, and U.S. Bank was substituted as the plaintiff in this action on December 11, 2017.

On February 26, 2018, the trial court rendered judgment of foreclosure by sale, and a sale date was set for June 2, 2018. At the time it rendered the foreclosure judgment, the court had before it a lost note affidavit that had been executed by an employee of Bayview on January 5, 2016, stating that the original note had been lost and that Bayview had made a diligent search to locate the note but was unable to find it. The foreclosure sale proceeded, with U.S. Bank being the successful bidder. On June 5, 2018, U.S. Bank filed a motion to confirm the committee sale, but before the sale could

be confirmed, the defendant, again, sought bankruptcy protection. The bankruptcy proceeding, however, was dismissed on October 31, 2018, and, on November 30, 2018, the defendant filed a motion to dismiss, which is the subject of this appeal. In his motion, he alleged, inter alia, that there was "no evidence in the record of anyone having physical possession of the *original* note at the time of the commencement of this foreclosure action," or at any time during this action, and that the lost note affidavit did not satisfy the requirements of § 42a-3-309. (Emphasis in original.)

A hearing was held on the defendant's motion to dismiss on August 27, 2019. At the hearing, U.S. Bank represented that the original note had been lost and could not be found, and that Bayview had possessed the original note at the time it commenced this action and when the note was lost. Thereafter, the court proceeded to review the evidence and testimony presented by U.S. Bank in support of its claim and concluded that "Bayview . . . had standing to prosecute this foreclosure action" at the time of its commencement.

In its memorandum of decision denying the defendant's motion to dismiss, the court stated: "To support [its] claim, U.S. Bank called James D'Orlando as its only witness. The defendant called no witnesses. U.S. Bank also offered, and the court admitted, six exhibits [which included a copy of the note with endorsements, a computer screenshot of loan information for the defendant, a mortgage deed, assignments of the mortgage, and the complaint]. . . . The defendant introduced without objection [his] exhibit A, the lost note affidavit sworn to by Alejandro Diaz, a Bayview employee.

"The court found . . . D'Orlando . . . to be a competent and credible witness. . . . D'Orlando has been a Bayview litigation manager for about six years. During that period, he has testified in about two to three hundred cases. His responsibilities include review of business records and working with local counsel. His total service with Bayview spans about sixteen years. . . . D'Orlando was familiar with the loan Bayview serviced that is the subject of this litigation. Bayview serviced the defendant's loan for a few years. Bayview maintained business records relating to the defendant's loan. . . . D'Orlando reviewed said business records.

"Relying on a screenshot of the computer file documenting the defendant's loan . . . D'Orlando testified that Bayview received the subject loan and collateral file on September 16, 2014, when Bayview boarded said loan onto Bayview's computer system. . . . If the note with endorsements were not included in the collateral file, Bayview would not board the subject loan onto its computer system, unless the collateral file included a lost note affidavit authored by the prior servicer. Bayview would not have serviced the loan without possessing the original note with endorsements or lost note

affidavit. In this instance, Bayview possessed the original note with endorsements on September 16, 2014, and thereafter. . . . D'Orlando's review of the business records relating to this loan allowed him to conclude [that] the note with endorsements was not lost before Bayview commenced this action."

Accordingly, the court concluded, on the basis of D'Orlando's testimony, which it found credible, that "Bayview possessed the original note with endorsements at the time [the] note was lost," that "Bayview was the 'holder' of [the] note, as it was the entity in possession of a note payable to bearer," and that the defendant "offered no credible evidence to rebut" the presumption that Bayview, as the holder of the note at the time this action was commenced, was the owner of the debt. The court concluded that, because "Bayview was also the holder of the mortgage via proper assignments . . . at the time it commenced this litigation . . . [it] had standing to prosecute this foreclosure action . . . ." (Citation omitted.) Therefore, the court rendered judgment denying the defendant's motion to dismiss on January 3, 2020, and this appeal followed. Thereafter, on January 7, 2020, U.S. Bank again filed a motion for approval of the committee sale, which was marked off by the court due to the defendant's filing of this appeal.

We first set forth our standard of review and the general principles of law that govern our resolution of this appeal. "The issue of standing implicates the trial court's subject matter jurisdiction and therefore presents a threshold issue for our determination. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Fitzpatrick*, 190 Conn. App. 773, 783, 212 A.3d 732, cert. denied, 333 Conn. 916, 217 A.3d 1 (2019). "The proper procedural vehicle for disputing a party's standing is a motion to dismiss. . . . A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Citations omitted; internal quotation marks omitted.) *Heinonen* v. *Gupton*, 173 Conn. App. 54, 58, 162 A.3d 70, cert. denied, 327 Conn. 902, 169 A.3d 794 (2017).

Under our law governing standing in foreclosure mat-

ters, "[t]he ability to enforce a note in Connecticut is governed by the adopted provisions of the Uniform Commercial Code. Pursuant to General Statutes § 42a-3-301, a [p]erson entitled to enforce an instrument means . . . the holder of the instrument . . . . When a note is endorsed in blank . . . the note becomes payable to the bearer of the note. . . . When a person or entity has possession of a note endorsed in blank, it becomes the valid holder of the note. . . . Therefore, a party in possession of a note, endorsed in blank and thereby made payable to its bearer, is the valid holder of the note, and is entitled to enforce the note. . . . [A] holder of a note is presumed to be the rightful owner of the underlying debt, and . . . unless the party defending against the foreclosure action rebuts that presumption, the holder has standing to foreclose." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Schaeffer*, 160 Conn. App. 138, 146–47, 125 A.3d 262 (2015). To establish that presumption, the holder must produce the note. See *U.S. Bank, National Assn.* v. *Fitzpatrick*, supra, 190 Conn. App. 785. However, pursuant to § 42a-3-309 (a), "[a] person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred . . . ."[5] Thus, "[i]n order to enforce a lost note, the person seeking to enforce it must have had possession of it when it was lost." *Castle* v. *DiMugno*, 199 Conn. App. 734, 752, 237 A.3d 731 (2020).

Moreover, "[i]t is well established that [i]t is within the province of the trial court, when sitting as the fact finder, to weigh the evidence presented and determine the credibility and effect to be given the evidence. . . . Credibility must be assessed . . . not by reading the cold printed record, but by observing firsthand the witness' conduct, demeanor and attitude. . . . An appellate court must defer to the trier of fact's assessment of credibility because [i]t is the [fact finder] . . . [who has] an opportunity to observe the demeanor of the witnesses and the parties; thus [the fact finder] is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom." (Internal quotation marks omitted.) *Rutka* v. *Meriden*, 145 Conn. App. 202, 211–12, 75 A.3d 722 (2013); see also *Giordano* v. *Giordano*, 203 Conn. App. 652, 662, 249 A.3d 363 (2021) ("[w]e will not second-guess the court's credibility determination or retry the facts on appeal"); *Fishbein* v. *Menchetti*, 165 Conn. App. 131, 136, 138 A.3d 1061 (2016) (it is sole province of trial court, as trier of fact, to determine credibility of witnesses, and court's determination of credibility of witnesses is beyond "scope of this court's review").

In the present case, a hearing was held on the defendant's motion to dismiss, at which the defendant presented no witnesses. U.S. Bank presented testimony

from one witness, D'Orlando, an employee of Bayview who was responsible for reviewing Bayview's business records, and offered into evidence a copy of the note with endorsements, a document containing information related to the defendant's loan, the mortgage deed, and copies of assignments of the mortgage. Following the hearing, the court found that Bayview possessed the original note, which was endorsed in blank and thus payable to bearer, at the time the note was lost, that the note was not lost prior to the commencement of this action, that Bayview was the holder of the note payable to bearer at the time it commenced this action, and that the defendant "offered no credible evidence to rebut" the presumption that Bayview, as the holder of the note at the time this action was commenced, was the owner of the debt. Because the court made those findings on the basis of D'Orlando's testimony and its determination that D'Orlando was a "competent and credible witness," we must defer to the court's findings and will not second-guess the court's credibility determination.[6] Accordingly, in light of those findings and the defendant's failure to offer any credible evidence or testimony at the hearing to rebut or challenge them, the court properly determined that Bayview had standing to bring this foreclosure action at the time it was commenced.

We note that the defendant's motion to dismiss is unclear as to whether his lack of standing claim relates to Bayview or U.S. Bank, or both. For example, in his motion to dismiss, the defendant, after initially referring to Bayview as the original plaintiff and to U.S. Bank as the substitute plaintiff, repeatedly refers to the "plaintiff" in the singular, stating, as his first ground for dismissal, that the action should be dismissed because the "plaintiff" did not "demonstrate [that] it had the original note at the commencement of the action," which suggests that the reference to the "plaintiff" is to Bayview as the party that commenced this foreclosure action. In his second ground for dismissal, however, the defendant argues that the action should be dismissed because the "plaintiff has failed to submit any evidence that it presented the original note to the court . . . [at] any time during the course of this action, contrary to [the] allegation . . . of its amended complaint," which suggests that this reference to the "plaintiff" is to U.S. Bank as the party that filed the amended complaint. We conclude that, regardless of whether the defendant's challenge relates to Bayview or U.S. Bank, it fails.

With respect to Bayview, all that was necessary to show that Bayview had standing to commence the action was that Bayview had possession of the note when it commenced the action and that the court, in rendering the judgment of foreclosure by sale, had before it the lost note affidavit of Bayview. The transcript of the proceeding at which the court rendered the foreclosure judgment demonstrates that the court

had the lost note affidavit. Moreover, as we have stated in this opinion, the trial court's finding that Bayview was the holder of the note when it commenced this action was based on a credibility determination that this court will not disturb.

With respect to U.S. Bank, the defendant's primary contention is that the original note was never produced in court. Under the circumstances here, where the note was lost and the court had before it a lost note affidavit and found that credible evidence demonstrated that Bayview was the last entity to possess the original note with endorsements before commencing this litigation, which gave it standing to bring this foreclosure action, the failure to produce the original note was not fatal to the foreclosure of the mortgage. Moreover, the fact that the note was lost while it was in the possession of Bayview did not affect the ability of U.S. Bank, as a valid assignee of the note and mortgage, to foreclose on the mortgage, as it was able to prove its ownership of the debt through secondary evidence, namely, the assignment of the note and mortgage that secured the debt. See *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 760, 680 A.2d 301 (1996) (explaining that fact that assignee of note and mortgage never possessed original note that was lost did not prohibit it from pursuing foreclosure action to enforce terms of mortgage); *Castle* v. *DiMugno*, supra, 199 Conn. App. 754 ("[p]ossession of the original note underlying the mortgage is not a necessary prerequisite for [seeking foreclosure of the mortgage] because [t]he mortgage secures the indebtedness itself, not the written evidence of it" (internal quotation marks omitted)); *Seven Oaks Enterprises, L.P.* v. *DeVito*, 185 Conn. App. 534, 547–48, 198 A.3d 88 ("[B]ecause the plaintiff had chosen to pursue the equitable action of foreclosure of the mortgage, rather than a legal action on the note, the fact that [the plaintiff] never possessed the lost promissory note [was] not fatal to its foreclosure of the mortgage. . . . [W]hatever restrictions . . . [§] 42a-3-309 might put upon the enforcement of personal liability based solely upon a lost note, they [did] not prohibit [the plaintiff] from pursuing an action of foreclosure to enforce the terms of the mortgage." (Internal quotation marks omitted.)), cert. denied, 330 Conn. 953, 197 A.3d 893 (2018).

Accordingly, we conclude that the trial court properly denied the defendant's motion to dismiss this foreclosure action.[7]

The judgment is affirmed and the case is remanded with direction to act on the motion for approval of the committee sale.

[1] The complaint also names as defendants Capital One Bank (USA), N.A., Fidelis Holdings, Ltd., and the Department of Treasury of the United States of America. Because those defendants are not involved in this appeal, our references in this opinion to the defendant are to Gallant.

[2] Although the defendant's appeal form lists the judgment of foreclosure by sale as one of the decisions that he is challenging on appeal, his appellate

brief focuses primarily on his assertion that the substitute plaintiff, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, lacks standing to maintain this action because the original note was never produced in court, which was the basis for his motion to dismiss. We address the defendant's jurisdictional claim in our review of whether the trial court properly denied his motion to dismiss and conclude that his jurisdictional challenge fails. Because the defendant's brief is devoid of any argument or analysis concerning the underlying foreclosure judgment, we deem any claim related thereto abandoned. See *Belevich* v. *Renaissance I, LLC*, 207 Conn. App. 119, 120 n.1, 261 A.3d 1 (2021).

[3] See footnote 6 of this opinion.

[4] Although both U.S. Bank and the defendant acknowledge in their briefs that the defendant had been defaulted for failure to appear, U.S. Bank has not raised any claim on appeal related to the failure of that default to be set aside. Accordingly, we deem this issue waived and do not address it. See *O & G Industries, Inc.* v. *American Home Assurance Co.*, 204 Conn. App. 614, 642, 254 A.3d 955 (2021). We do note, however, that an appearance was filed on behalf of the defendant on June 29, 2018, prior to the date when the defendant filed his motion to dismiss.

[5] General Statutes § 42a-3-309 (a) provides: "A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process."

[6] The court also concluded, in the alternative, that, "even if Bayview had lost the note before commencing this litigation, it provided [the] court with credible evidence demonstrating full compliance with . . . § 42a-3-309," and that "credible evidence allows the court to conclude that Bayview exercised due diligence in attempting to locate the lost note." Again, because the court's findings were based on its assessment of the credibility of the evidence and testimony, it is not for this court to second-guess those findings. See *Fishbein* v. *Menchetti*, supra, 165 Conn. App. 136.

[7] In his appellate brief, the defendant also raises a claim, for the first time on appeal, that a fraud was perpetrated on the trial court, and he seeks plain error review of this claim. Although the defendant includes a lengthy quote regarding the standard of review for claims of plain error, his analysis regarding claims of fraud on the court is sparse and refers to one Superior Court case, without any explanation as to how the facts of the present case relate to the cited case. Because the defendant has failed to brief this claim adequately, we decline to review it. "Both this court and our Supreme Court repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016); see also *Parnoff* v. *Mooney*, 132 Conn. App. 512, 518, 35 A.3d 283 (2011) ([i]t is not the role of this court to undertake the legal research and analyze the facts in support of a claim or argument when it has not been briefed adequately . . .)." (Internal quotation marks omitted.) *Seaport Capital Partners, LLC* v. *Speer*, 202 Conn. App. 487, 489–90, 246 A.3d 77, cert. denied, 336 Conn. 942, 250 A.3d 40 (2021).

Moreover, the claim was never presented to or addressed by the trial court, and to review such a claim on appeal would be contrary to our longstanding precedent. See *Tompkins* v. *Freedom of Information Commission*, 136 Conn. App. 496, 511, 46 A.3d 291 (2012) ("It is fundamental that claims of error must be distinctly raised and decided in the trial court before they are reviewed on appeal. As a result, Connecticut appellate courts will not address issues not decided by the trial court." (Internal quotation marks omitted.)). Accordingly, we decline to review the defendant's fraud on the court claim.

---