******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

21ST MORTGAGE CORPORATION *v.* CHRISTOPHER
N. SCHUMACHER
(AC 38219)

Keller, Mullins and Sullivan, Js.

*Argued November 28, 2016—officially released March 14, 2017*

(Appeal from Superior Court, judicial district of
Litchfield, Danaher, J. [summary judgment as to
liability]; J. Moore, J. [judgment of strict foreclosure].)

*Richard Lewis*, for the appellant (defendant).

*S. Bruce Fair*, for the appellee (plaintiff).

*Opinion*

MULLINS, J. The defendant, Christopher N. Schumacher, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, 21st Mortgage Corporation. On appeal, the defendant claims that the court improperly rendered summary judgment as to liability after finding that there was no genuine issue of material fact as to whether the plaintiff is the holder of the note and the party entitled to foreclose. We affirm the judgment of the trial court.

The following facts inform our review. In its complaint, the plaintiff alleged that the defendant and Patriot Lending Group, Inc. (Patriot), executed a promissory note in the amount of $877,500 on February 28, 2006. The note was secured by a mortgage on the defendant's Bridgewater property in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Patriot.[1] The mortgage was executed on February 28, 2006, and recorded on the Bridgewater land records on March 7, 2006.

The complaint further alleged: (1) the mortgage then was assigned to GMAC Mortgage, LLC, on October 27, 2009, and the assignment was recorded on the land records on November 20, 2009; (2) the mortgage "is to be assigned" to the plaintiff by virtue of an assignment of mortgage "to be recorded" on the land records;[2] and (3) the plaintiff is the holder of the note, the note is in default, and the plaintiff has elected to accelerate the balance due on the note, declare the note to be due in full, and to foreclose the mortgage securing the note.

In response, the defendant filed an answer, which, in relevant part, left the plaintiff to its proof. The defendant also filed three special defenses, namely, (1) the plaintiff is not the owner of the debt or the holder of the mortgage, (2) the plaintiff's claim is based on the fraudulent dealings of the plaintiff or its assignors, and (3) the plaintiff's actions are a continuing course of dealing in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq.

On November 26, 2014, before filing a responsive pleading to the defendant's special defenses; see Practice Book § 10-56;[3] the plaintiff filed a motion for summary judgment as to liability, with a supporting affidavit and a memorandum of law. In that memorandum, the plaintiff also attacked each of the defendant's special defenses. After granting a continuance to the defendant, the court continued the plaintiff's motion for summary judgment to a short calendar hearing on May 4, 2015.

On April 30, 2015, the defendant filed a motion entitled "Notice of waiver of oral argument and/or motion for continuance to hire local counsel." In that motion, the defendant asked for at least a thirty day continuance, and he requested that the court take the motion for summary judgment on the papers. It is not clear

from the record whether the court took any action on this motion.

On May 4, 2015, with the defendant not present, the court heard argument from the plaintiff on the merits of its motion for summary judgment. On May 26, 2015, the court, in a memorandum of decision, granted the plaintiff's motion for summary judgment as to liability, and, on July 20, 2015, it rendered a judgment of strict foreclosure. This appeal followed. Additional facts will be set forth as necessary.

The defendant claims that the court improperly rendered summary judgment as to liability in the instant foreclosure action when there were genuine issues of material fact concerning the ownership of the note in question. The defendant argues that the court improperly relied on *American Home Mortgage Servicing Inc.*, v. *Reilly*, 157 Conn. App. 127, 132–34, 117 A.3d 500 (2015), because "[i]n this case, *the note was not endorsed in blank*, and, thus, the note was not bearer paper. As such, the plaintiff was not a holder as that term is defined in [General Statutes] § 42a-1-201 (b) (21) (A) . . . . The issue here is not whether the party in possession of a note endorsed in blank is entitled to enforce the note, *the issue is whether the plaintiff, or some unknown third party, owns the note*." (Emphasis in original.)

Furthermore, the defendant argues that, in support of his opposition to the plaintiff's motion for summary judgment, he submitted a deposition from a prior foreclosure case between him and the most recent prior holder of the note, GMAC Mortgage, LLC. In that deposition, a spokesperson for GMAC Mortgage, LLC, admitted that there were additional endorsements to this note and that the note had broken off into two separate branches, with two different sets of allonges, thereby calling into question the plaintiff's status as the holder of the note and the party entitled to foreclose. He contends that the missing endorsements raised a genuine issue of material fact that must be answered and that summary judgment, therefore, is inappropriate. Although we agree that the defendant has demonstrated that there may be some discrepancies in the allonges to the note, we, nevertheless, conclude that the court properly granted summary judgment.

The following additional facts, although somewhat cumbersome, are necessary to a full understanding of the plaintiff's claim and our analysis. The plaintiff, in support of its motion for summary judgment, submitted the November 13, 2014 affidavit of Tiffany Moyer, the legal coordinator for the plaintiff, attesting that the information contained in her affidavit was taken from the plaintiff's business records. She attested that the defendant and Patriot executed a note in the original amount of $877,500 and that the plaintiff, or its agent, has possession of the original note, the note has been

duly endorsed, and a copy is attached to the affidavit as exhibit A.

Moyer also attested that the defendant, on February 28, 2006, conveyed by mortgage deed his interest in his Bridgewater property to MERS, as nominee for Patriot, and that this mortgage deed was recorded on March 7, 2006 in volume 68 at page 933 in the Bridgewater land records. She attested that the mortgage deed is attached to her affidavit as exhibit B.

Additionally, Moyer attested that the mortgage thereafter was assigned to GMAC Mortgage, LLC, on October 27, 2009, and then to the plaintiff on May 7, 2010.[4] Copies of those assignments are attached to her affidavit as exhibit C. She further attested that the defendant was in default on the note, the plaintiff had accelerated the note, and the plaintiff was foreclosing on the mortgage. Interestingly, Moyer made no representations in her affidavit about the chain of title of the note.

Exhibit A to Moyer's affidavit is the adjustable rate note between the defendant and Patriot in the amount of $877,500, executed on February 28, 2006, purportedly signed by the defendant, with several attached allonges. The allonges are as follows: (1) The first allonge to the note is from Patriot to the Ohio Savings Bank; it is not dated; (2) on that same allonge is an endorsement from Ohio Savings Bank to GMAC Bank; it also is not dated; (3) the next allonge is from Ally Bank formerly known as GMAC Bank to GMAC Mortgage, LLC, signed by Brenda Staehle, "Limited Signing Officer"; it also is not dated; and (4) the final allonge is from GMAC Mortgage, LLC, to 21st Mortgage Corporation "By: 21st Mortgage Corporation, it's attorney-in-fact," signed by Troy Fussell, vice president and authorized signatory, and notarized by Michelle A. Wilson on February 14, 2014.

Exhibit B to Moyer's affidavit is an open-end mortgage deed. The document provides that the borrower is the defendant and that MERS is acting as nominee for Patriot. At the very top of the document are the volume and page numbers for the Bridgewater land records; page one provides that the document is filed in volume 068, at page 0933. Approximately one third of the way down page one, there is a line across the page with a notation in the middle that provides: "Space Above This Line For Recording Data." Above that line the document provides in relevant part: "After recording please return to: OHIO SAVINGS BANK ATTN: DOCUMENT CONTROL" along with an address.

Exhibit C to Moyer's affidavit consists of two mortgage assignments. The first is recorded at volume 075, page 0907 of the Bridgewater land records, and provides that Patriot is assigning the defendant's mortgage to GMAC Mortgage, LLC. The assignment is dated October 27, 2009, and is from MERS, as nominee for Patriot, to GMAC Mortgage, LLC. The assignment is signed by

Brenda Staehle, vice president of MERS.[5] The second assignment is from GMAC Mortgage, LLC, to 21st Mortgage Corporation. The assignment is dated May 7, 2014, and is signed by Troy Fussell, vice president of GMAC Mortgage, LLC.[6]

In its memorandum of law in support of its motion for summary judgment, the plaintiff argued that there were no genuine issues of material fact concerning whether it was the holder of the note or whether it was entitled to foreclose on the mortgage due to the defendant's default on the note. The plaintiff, not having filed a responsive pleading, also addressed each of the defendant's special defenses, arguing that they "are not legally sufficient and/or they fail to give rise to any genuine issues of material fact."

Specifically, as to the defendant's first special defense, namely, that the plaintiff is not the owner of the debt or the holder of the mortgage, the plaintiff contended that it had "duly demonstrated that there are no genuine issues of material fact concerning its holdership of the subject promissory note, which is endorsed in blank."[7]

As to the defendant's remaining special defenses, the plaintiff asserted that they failed as a matter of law because they did not set forth any supporting factual allegations, but, instead, relied on mere legal conclusions.

On February 24, 2015, the defendant filed an objection to the plaintiff's motion for summary judgment, along with a memorandum of law and supporting affidavit, with exhibits. In his memorandum, the defendant argued that there were important issues of fact concerning the allonges to the note that were attached to the Moyer affidavit. He contended that the plaintiff's evidence called into question its ownership of the debt, the note, and the mortgage, in that the Moyer affidavit contained discrepancies from the allonges that were attached to her affidavit, some known allonges were omitted, many allonges contained no dates, and the allonge from GMAC Mortgage, LLC, to 21st Mortgage Corporation was not signed by anyone from GMAC Mortgage, LLC. The defendant also alleged that the Moyer affidavit raised questions as to the transfers of the title of the note.

In support of his opposition, the defendant also provided his own affidavit. One of the documents attached to his affidavit was a January 11, 2012 deposition of Albert Augustine, a member of the document execution team of GMAC Mortgage, LLC, taken in a previous foreclosure action instituted by GMAC Mortgage, LLC, against the defendant.[8] During his deposition, Augustine reviewed the endorsements to the defendant's note with Patriot, and he stated that they demonstrated that the note was assigned to Ohio Savings Bank from Patriot,

and then from Ohio Savings Bank to GMAC Bank, and then from GMAC Bank to GMAC Mortgage. He acknowledged that the endorsements were not dated and that he had no idea when they took place. The defendant's attorney in that case then asked Augustine to examine additional allonges to the note that had been marked as exhibits. The following colloquy occurred:

"Q. Okay. Flipping over to 0030, can you tell me what this is?

"A. Allonge from Ohio Savings Bank to Residential Funding, LLC.

"Q. Do you know who Residential Funding, LLC, is?

"A. Yes.

"Q. Who is Residential Funding, LLC?"

"A. I know them to be an additional mortgage company, another mortgage company slash investor.

"Q. Are they affiliated with GMAC?

"A. No. . . .

"Q. So, this appears to be an assignment or an allonge of the note from Ohio Savings Bank to Residential Funding Company. Do you know when this allonge took place?

"A. No.

"Q. Can you turn to your affidavit . . . . This allonge is not connected to the note in that affidavit, correct?

"A. No. . . .

"Q. If you flip to GMAC 0031, seems to be another allonge. Have you ever seen this document before?

"A. No.

"Q. Can you tell me what it is?

"A. It's another allonge endorsed in blank from Residential Funding. . . .

"Q. In your affidavit, the allonges that you attached to the note in your affidavit show the note being transferred from Ohio Savings to GMAC Bank, but the allonge that is marked GMAC 0030 showed the note being transferred from Ohio Savings Bank to Residential Funding Company, LLC. . . . Just want to make sure that's correct.

"A. Yeah.

"Q. . . . Did Ohio Savings Bank endorse only part of the note to GMAC?

"A. I don't know.

"Q. Is it common for an entity to assign a portion of a note to another entity in your experience?

"A. I don't know.

"Q. Can there be more than one owner of a note in your experience?

"A. Again, I don't know. . . .

"Q. So, staying with exhibit A to your affidavit, the second allonge that is attached to your note, to the note in your affidavit, is from . . . Allied Bank formerly known as GMAC Bank to GMAC Mortgage, LLC, and that's signed by Brenda Staehle,[9] but GMAC 0029 in exhibit D, which purports to be an allonge to GMAC Mortgage, LLC, from Allied Bank formerly known as GMAC Bank, [is signed by someone named] Alana Gerhart. So, these are two different allonges, correct?

"A. Yes.

"Q. Signed by two separate people?

"A. Yes.

"Q. Any idea why that's the case?

"A. No.

"Q. And, again, I think you already testified to this, but none of these allonges are . . . dated, correct?

"A. No.

"Q. So, you don't actually know when the note was negotiated to . . . [GMAC Mortgage, LLC] in this case, do you?

"A. No."

In a May 26, 2015 memorandum of decision, the court, after stating that it had examined the original note, which the plaintiff had presented at the May 4, 2015 hearing, granted the plaintiff's motion for summary judgment as to liability. The court recognized that, as the holder of the note, the plaintiff is presumed to be the owner of the note and debt. The court found that the plaintiff had made a prima facie showing, and that "there is no dispute that the plaintiff possessed the note that is endorsed to the plaintiff, nor is there any dispute that the plaintiff possessed the note prior to the commencement of this action." (Footnote omitted.) The court also concluded that the defendant's special defenses were insufficient, and that the plaintiff's prima facie showing was unrebutted. The court rendered summary judgment as to liability and, thereafter, rendered a judgment of strict foreclosure.

The defendant contends that the court's summary judgment was improper because he had demonstrated the existence of genuine issues of material fact both by his examination of inconsistencies in the plaintiff's motion and accompanying documents and in the documents he provided in his opposition to the plaintiff's motion for summary judgment. He contends that "there can be no serious question that if the special endorsements into the plaintiff in this case are not valid or

enforceable, then the plaintiff would not be entitled to summary judgment in this case, [and] it would not even have standing, thus implicating the court's subject matter jurisdiction. . . . This issue of fact concerning the missing endorsements, therefore, is material . . . ."[10] (Citation omitted.) The defendant contends that "merely being in possession of the original note does not itself create a presumption that the party in possession is the owner; the presumption is only created when the party in possession of the note *is also a holder*." (Emphasis in original.) The defendant concludes by arguing that the plaintiff in this case "is not a holder as that term is defined in . . . § 42a-1-201 (b) (21) (A) . . . *because the note at issue in this case was not endorsed in blank*." (Emphasis in original.) We disagree.

"Under the applicable standard of review, our review of summary judgment rulings is plenary. . . . Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 333, 71 A.3d 492 (2013).

"[B]ecause the . . . plaintiff sought summary judgment in a foreclosure action, which is an equitable proceeding, we note that the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . .

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Internal quotation marks omitted.) *Bank of America, N.A.* v. *Aubut,* 167 Conn. App. 347, 358–59, 143 A.3d

638 (2016).

In the present case, the defendant's argument revolves around his claim that the plaintiff is not a "holder" of the note because the note is not endorsed in blank, but, rather, is specially endorsed to the plaintiff.[11] At its core, the defendant's contention is that the plaintiff does not have standing to foreclose. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of this question of law is plenary. . . .

"A plaintiff's right to enforce a promissory note may be established under the [Uniform Commercial Code (UCC), General Statutes § 42a-1-101 et seq.]. . . . Under the UCC, a [p]erson entitled to enforce an instrument means [inter alia] (i) *the holder of the instrument*, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument . . . ." (Citations omitted; emphasis altered; footnotes omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 318–19.

A "[p]erson" is defined by the UCC as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency or instrumentality, public corporation or any other legal or commercial entity." General Statutes § 42a-1-201 (b) (27). "If an endorsement makes a note payable to an identifiable person, it is a special endorsement, and only the identified person in possession of the instrument is entitled to enforce the instrument. General Statutes §§ 42a-1-201 (b) (21) (A), 42a-3-205 (a) and 42a-3-301." (Internal quotation marks omitted.) *U.S. Bank, N.A.* v. *Ugrin*, 150 Conn. App. 393, 402, 91 A.3d 924 (2014); see also footnote 11 of this opinion.

The UCC defines the holder of a negotiable instrument as: "The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." General Statutes § 42a-1-201 (b) (21) (A).

In the present case, the plaintiff is the person in possession of the negotiable instrument that is payable specifically to the plaintiff. Clearly, then, the plaintiff, pursuant to the clear language of § 42a-1-201 (b) (21) (A) is the holder of the note, specially endorsed to the

plaintiff. Because the plaintiff is the holder of the note, which is specially endorsed to it, it has standing to foreclose the mortgage, which it also holds.

Although we acknowledge that the defendant presented some evidence that called into question the possible existence of other alonges to this note, that evidence, even if credited, does not negate the fact that the plaintiff possesses both the original note specially endorsed to it and an assignment of mortgage on the defendant's property, used to secure the note. On this basis, we conclude that the plaintiff had standing to foreclose and that the trial court properly rendered summary judgment in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "As one court has explained, MERS does not originate, lend, service, or invest in home mortgage loans. Instead, MERS acts as the nominal mortgagee for the loans owned by its members. The MERS system is designed to allow its members, which include originators, lenders, servicers, and investors, to assign home mortgage loans without having to record each transfer in the local land recording offices where the real estate securing the mortgage is located. . . .

"The benefit of naming MERS as the nominal mortgagee of record is that when the member transfers an interest in a mortgage loan to another MERS member, MERS privately tracks the assignment within its system but remains the mortgagee of record. According to MERS, this system saves lenders time and money, and reduces paperwork, by eliminating the need to prepare and record assignments when trading loans. . . .

"If, on the other hand, a MERS member transfers an interest in a mortgage loan to a non-MERS member, MERS no longer acts as the mortgagee of record and an assignment of the security instrument to the non-MERS member is drafted, executed, and typically recorded in the local land recording office." (Internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 122 n.1, 74 A.3d 1225 (2013).

[2] The record demonstrates that the mortgage was assigned to the plaintiff on May 7, 2014, and recorded on the Bridgewater land records on June 20, 2014.

[3] Practice Book § 10-56 provides: "The plaintiff's reply pleading to each of the defendant's special defenses may admit some and deny others of the allegations of that defense, or by a general denial of that defense put the defendant upon proof of all the material facts alleged therein."

[4] The date May 7, 2010, likely is a typographical error. The actual date of the assignment is May 7, 2014, approximately one month after the institution of this foreclosure action.

[5] Staehle also signed one of the alonges to the note from Ally Bank formerly known as GMAC Bank to GMAC Mortgage, LLC, as "Limited Signing Officer."

[6] On February 14, 2014, Fussell had signed the final allonge to the note from GMAC Mortgage, LLC, to 21st Mortgage Corporation. He signed that document as vice president and authorized signatory for 21st Mortgage Corporation, acting as the attorney-in-fact for GMAC Mortgage, LLC.

[7] The note at issue in this case, a copy of which is attached to Moyer's affidavit, is specially endorsed to the plaintiff, and not endorsed in blank.

[8] The defendant attested that the previous foreclosure case was dismissed without prejudice on August 9, 2012.

The plaintiff did not move to strike any portion of the defendant's opposition, his affidavit, or its attachments.

[9] We note that the allonge in the record from Ally Bank formerly known as GMAC Bank to GMAC Mortgage, LLC, is signed by Brenda Staehle, "Limited Signing Officer." Staehle also is the signatory of the assignment of mortgage from Mortgage Electronic Registration Systems, Inc., as nominee for Patriot Lending Group, Inc., to GMAC Mortgage, LLC. On that assignment, Staehle signed as vice president of Mortgage Electronic Registration Systems, Inc. Augustine also attested that he personally knows Staehle and that she works with him in the foreclosure department.

[10] During oral argument before this court, the defendant expressed a concern that if there exists another allonge that is endorsed in blank, as testified to by Augustine during his deposition, the holder of that allonge could bring another action against the defendant. We find little merit in such an argument considering the existence of General Statutes § 49-1: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided." We also note that the record establishes that the defendant has been in default since 2009, and that there is neither evidence nor an allegation that some other entity has sought to enforce the note.

[11] "The definitions of the terms blank endorsement and special endorsement are relevant to the defendant's claims. If an endorsement is made by the holder of an instrument . . . and the endorsement identifies a person to whom it makes the instrument payable, it is a special endorsement. When specially endorsed, an instrument becomes payable to the identified person and may be negotiated only by the endorsement of that person. . . . If an endorsement is made by the holder of an instrument and is not a special endorsement it is a blank endorsement. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. General Statutes § 42a-3-205 (a) and (b)." (Internal quotation marks omitted.) *U.S. Bank, N.A.* v. *Ugrin*, 150 Conn. App. 393, 396 n.6, 91 A.3d 924 (2014).