******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE *v.*
## CHRISTOPHER M. FITZPATRICK ET AL.
### (AC 41513)

DiPentima, C. J., and Alvord and Eveleigh, Js.

*Syllabus*

The plaintiff bank, as trustee, sought to foreclose a mortgage on certain
real property owned by the defendant F. In its complaint, the plaintiff
alleged that F and C Co. had executed a promissory note that was
secured by a mortgage on F's property, that the plaintiff was the holder
of the note and that the note was in default for nonpayment. F filed
an answer and raised special defenses of laches and unclean hands.
Thereafter, the plaintiff filed a motion for summary judgment as to
liability along with a memorandum of law and, inter alia, copies of the
note and two alonges that were attached to the note. F filed an objection
to the motion for summary judgment, asserting that genuine issues of
material fact existed as to his special defenses of laches and unclean
hands. Subsequently, F filed a motion to dismiss on the ground that the
plaintiff lacked standing to bring the foreclosure action because it was
not the holder of the note or the mortgage. In his memorandum of law
in support of his motion, F asserted that C Co. had transferred the note
to S Co. via a special endorsement in the first allonge and that although
the second allonge purported to transfer the note from S Co. to the
plaintiff via a special endorsement, it was ineffective because it was
stamped void. The trial court held a hearing on the motions, during
which the plaintiff's counsel presented the court with the original note.
After examining the note, the court denied F's motion to dismiss, con-
cluding that the note contained an endorsement in blank executed by
S Co., and, therefore, it was payable to the bearer, and that the plaintiff,
as the possessor and valid holder of the note, was entitled to enforce
it and had standing to bring the action. The court then granted the
plaintiff's motion for summary judgment, concluding that no genuine
issues of material fact existed as to F's liability and that the plaintiff
had demonstrated a prima facie case for foreclosure. It further concluded
that the defendant had failed to provide any evidence in support of his
special defenses. Thereafter, the trial court rendered a judgment of
foreclosure by sale, from which F appeal to this court. *Held*:

1. The trial court properly denied F's motion to dismiss, that court having
correctly determined that the plaintiff had standing to bring the foreclo-
sure action; contrary to F's contention that the plaintiff lacked standing
because it was not the holder of the note, the plaintiff presented the
court with the original note endorsed in blank, thereby demonstrating
that it was the valid holder of the note and owner of the debt with
standing to pursue the action, and F failed to satisfy his burden of
proving that another party was the owner of the note and the debt.

2. The trial court properly granted the plaintiff's motion for summary judg-
ment as to liability.

   a. F's claim that a genuine issue of material fact existed as to the
plaintiff's standing was unavailing; the plaintiff demonstrated to the trial
court that it possessed the note, which was endorsed in blank and
payable to bearer, and as the valid holder of that instrument, it was
entitled to enforce it and had standing to bring the action, and F failed
to produce any evidence raising a genuine issue of material fact regarding
the plaintiff's standing, as his arguments failed to account for the blank
endorsement on the note and focused primarily on the two allonges,
the existence of which did not negate the fact that the plaintiff possessed
the note endorsed in blank and, therefore, was the valid holder of the
note and entitled to enforce it.

   b. F failed to meet his burden of demonstrating that genuine issues of
material fact existed as to his equitable defenses of laches and unclean
hands; although F asserted that such issues existed as to whether the
plaintiff's delay in commencing this action caused the debt to become
greater than his equity in the property, whether the value of the property
declined as a result of the plaintiff's delay and whether the plaintiff's

delay had been fair, equitable and honest, he failed to support those assertions with any evidence, and such bald assertions were insufficient to defeat a motion for summary judgment.

Argued January 30—officially released June 25, 2019

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Truglia, J.*, denied the named defendant's motion to dismiss; thereafter, the court granted the plaintiff's motion for summary judgment as to liability; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, rendered a judgment of foreclosure by sale, from which the named defendant appealed to this court. *Affirmed.*

*Ryan P. Driscoll*, with whom, on the brief, was *Richard J. Buturla*, for the appellant (named defendant).

*Jeffery M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant Christopher M. Fitzpatrick[1] appeals from the denial of his motion to dismiss and from the summary judgment rendered in favor of the plaintiff, U.S. Bank, National Association, as trustee for MASTR 2007-2. On appeal, the defendant claims that the court improperly (1) denied his motion to dismiss by concluding that the plaintiff had standing to commence and maintain its foreclosure action and (2) granted the plaintiff's motion for summary judgment by determining that no genuine issues of material fact existed with respect to the plaintiff's standing and his special defenses of laches and unclean hands. We disagree and, accordingly, affirm the denial of the defendant's motion to dismiss and the summary judgment rendered in favor of the plaintiff.

The following detailed recitation of the facts and procedural history is necessary for the resolution of the defendant's appeal. The origin of the present case lies in a prior foreclosure action commenced on October 21, 2009, by SunTrust Mortgage, Inc. (SunTrust), against the defendant concerning property located at 48 Second Avenue in Stratford. On June 14, 2010, SunTrust filed a motion to substitute the plaintiff in the present case as the plaintiff, stating that the subject mortgage deed and note had been assigned to the plaintiff. The court granted this motion on July 6, 2010. An unsuccessful mediation effort ensued.

In the SunTrust action, on September 27, 2013, the court, *Tyma, J.*, granted the plaintiff's motion for summary judgment as to liability only. *SunTrust Mortgage, Inc.* v. *Fitzpatrick*, Superior Court, judicial district of Fairfield, Docket No. CV-09-6004428-S (September 27, 2013). First, the court noted that the plaintiff had presented evidence, by way of an affidavit, a copy of the note and two allonges, that SunTrust had been the proper party to initiate the foreclosure action and that the plaintiff was the current owner of the debt and, thus, the proper party to maintain the foreclosure action. Id. Additionally, the court concluded: "Having failed to present any evidence rebutting the presumption that SunTrust was the rightful owner of the debt at the time that it commenced the foreclosure action, and that the . . . plaintiff is presently the rightful owner, the defendant had failed to satisfy his burden of providing any evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning the note holder." Id.

On June 5, 2014, the plaintiff moved for a judgment of strict foreclosure, and the defendant filed an objection fifteen days later. On June 26, 2014, the court, *Bellis, J.*, issued an order dismissing the action.[2] The plaintiff unsuccessfully moved to open the judgment of dismissal.

The plaintiff subsequently commenced the present action in May, 2016. In its complaint, the plaintiff alleged that the defendant and Comp-U-Fund Mortgage Corporation (Comp-U-Fund) had executed a promissory note in the amount of $580,000 on August 16, 2007. The note was secured by a mortgage on the defendant's property, located at 48 Second Avenue in Stratford, in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Comp-U-Fund.[3] The mortgage was executed on August 16, 2007, and recorded on the Stratford land records on August 20, 2007.

The plaintiff further alleged that on or before May 26, 2015, it became, and at all times thereafter has been, the party entitled to collect the debt evidenced by the August 16, 2007 note. It further alleged that as a result of the defendant's nonpayment of the monthly installment of principal and interest starting on May 1, 2009, the note was in default. The plaintiff accelerated the balance on the note, declaring it to be due in full, and sought to foreclose on the mortgage.

After an unsuccessful mediation, the defendant filed an answer and counterclaim on March 2, 2017.[4] On December 22, 2017, the plaintiff moved for summary judgment as to liability, attaching a supporting affidavit, documentary evidence and a memorandum of law to its motion. In its memorandum of law, the plaintiff argued that it had established a prima facie case[5] of the defendant's liability in this mortgage foreclosure action. Additionally, the plaintiff directed the court to the attached mortgage, note, assignments of the mortgage and affidavit of Shaundra Hunt, an officer employed by SunTrust. The plainitff claimed that these documents established that no genuine issue of material fact remained, and, therefore, it was entitled to summary judgment as to the liability with respect to its foreclosure complaint.

On February 5, 2018, the defendant filed an objection to the plaintiff's motion for summary judgment. Specifically, he argued that genuine issues of material fact existed as to whether his special defenses of laches and unclean hands, as set forth in his amended answer, barred the plaintiff's claim. With respect to the former, the defendant argued that "[a] genuine issue of material fact exists as to whether there was an inexcusable delay and whether that delay prejudiced [the defendant] by unnecessarily increasing his alleged debt and/or by decreasing the value of his collateral through the passage of time." Specifically, the defendant contended that six years had elapsed from the claimed nonpayment until the commencement of the present action. With respect to the unclean hands defense, the defendant argued: "Here, given the considerable passage of time between the alleged default and the [p]laintiff's commencement of the foreclosure, there are genuine issues of material fact as to whether the [plaintiff's] 'sitting

on its rights' for many years has been fair, equitable, and honest."

Before the trial court decided the plaintiff's motion for summary judgment, the defendant initiated, on two fronts, an attack on the plaintiff's standing to bring its foreclosure action. First, on March 2, 2018, he filed a motion to dismiss, pursuant to Practice Book § 10-30,[6] arguing that the plaintiff lacked standing. In his accompanying memorandum of law, the defendant asserted that the court lacked subject matter jurisdiction because the plaintiff was not a holder of the note or the mortgage. In support thereof, the defendant argued that he had executed the note with Comp-U-Fund on August 16, 2007. The defendant claimed that Comp-U-Fund transferred the note to SunTrust via the special endorsement[7] in the first allonge attached to the note.[8] A second allonge to the note was specially endorsed by SunTrust to the plaintiff; however, this document was stamped "VOID." The defendant argued, therefore, that the note had not been transferred to the plaintiff, and, therefore, it lacked standing to foreclose on the property.

The defendant also challenged the plaintiff's standing in a March 2, 2018 supplemental objection to the plaintiff's motion for summary judgment wherein he repeated the legal argument set forth in his memorandum of law in support of his motion to dismiss. Specifically, the defendant asserted that the note had been transferred from Comp-U-Fund to SunTrust via the special endorsement in the first allonge. The second allonge, which would have transferred the note from SunTrust to the plaintiff, was stamped "VOID" and therefore was ineffective. In conclusion, the defendant stated: "The evidence produced to date shows that there is a genuine issue of material fact as to whether [the plaintiff] is entitled to enforce the note. Therefore, [the plaintiff's] motion for summary judgment should be denied."

On March 2, 2018, the plaintiff filed an objection to the defendant's motion to dismiss. It emphasized that page three of the note contained an endorsement in blank, executed by SunTrust, and, therefore, the note was payable to the bearer.[9] See, e.g., *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 126, 74 A.3d 1225 (2013). Thus, the plaintiff maintained that it did not need to be in possession of a specifically endorsed note to pursue this foreclosure action. It also argued that the defendant had offered only speculation rather than proof, in challenging the plaintiff's standing.

The court conducted a hearing on March 5, 2018, during which it first addressed the defendant's motion to dismiss. The defendant repeated its argument that the plaintiff lacked standing, stating that the note was not a negotiable instrument payable to the bearer because the first allonge contained the SunTrust spe-

cific endorsement. The plaintiff's counsel responded that he was in possession of the original note, which contained a blank endorsement[10] executed by SunTrust and the allonges. The court examined the original note and concluded that it contained a blank endorsement, making it a bearer instrument. After hearing further argument, the court denied the defendant's motion to dismiss.[11]

The court then turned to the plaintiff's motion for summary judgment. The plaintiff's counsel argued that the court, in denying the defendant's motion to dismiss, had considered and rejected the standing argument raised in the defendant's supplemental objection.[12] The plaintiff's counsel then turned to the special defenses of laches and unclean hands. He argued that the defendant had failed to present any evidence in support of his special defenses. The defendant's counsel countered that genuine issues of material fact existed as to laches and unclean hands, and, therefore, the court should deny the motion for summary judgment.

On March 14, 2018, the court issued a memorandum of decision granting the plaintiff's motion for summary judgment. It concluded that no genuine issues of material fact existed as to the defendant's liability and that the plaintiff had demonstrated a prima facie case for foreclosure. It further concluded that the defendant had failed to provide any evidence in support of his unclean hands and laches defenses. The court also denied the defendant's motion for reconsideration of its denial of the motion to dismiss.

On March 15, 2018, the plaintiff moved for a judgment of strict foreclosure. One week later, the court rendered a judgment of foreclosure by sale. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion to dismiss. Specifically, he argues that the plaintiff lacked standing to prosecute the foreclosure action because the note had become payable to SunTrust and there was no evidence that the note had been assigned to the plaintiff. The plaintiff counters that its standing was established by its possession of the note, endorsed in blank, and thereby payable to the bearer. We conclude that the court properly determined that the plaintiff had standing and, therefore, was correct in denying the defendant's motion to dismiss.

We begin with a review of the relevant legal principles. "The issue of standing implicates the trial court's subject matter jurisdiction and therefore presents a threshold issue for our determination. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or

a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time. . . .

"[B]ecause the issue of standing implicates subject matter jurisdiction, it may be a proper basis for granting a motion to dismiss. . . . The standard of review for a court's decision on a motion to dismiss is well settled. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Citation omitted; internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Schaeffer*, 160 Conn. App. 138, 145, 125 A.3d 262 (2015); see also *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 125–26; *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 574–75, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

Next, we review the law pertaining to standing in a foreclosure action.[13] "In Connecticut, one may enforce a note pursuant to the [Uniform Commercial Code (UCC) as adopted in General Statutes § 42a-1-101 et seq.] . . . General Statutes § 42a-3-301 provides in relevant part that a [p]erson entitled to enforce an instrument means . . . the holder of the instrument . . . . When a note is endorsed in blank, the note is payable to the bearer of the note. See General Statutes § 42a-3-205 (b); see also *RMS Residential Properties, LLC* v. *Miller*, [303 Conn. 224, 231, 32 A.3d 307 (2011), overruled in part by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013)]. A person in possession of a note endorsed in blank, is the valid holder of the note. See General Statutes § 42a-1-201 (b) (21) (A). *Therefore, a party in possession of a note, endorsed in blank and thereby made payable to its bearer, is the valid holder of the note, and is entitled to enforce the note.* See *RMS Residential Properties, LLC* v. *Miller*, supra, 231.

"In *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231, our Supreme Court stated that to enforce a note through foreclosure, a holder must demonstrate that it is the owner of the underlying debt. *The holder of a note, however, is presumed to be the rightful owner of the underlying debt, and unless the party defending against the foreclosure action rebuts that presumption, the holder has standing to foreclose the mortgage. A holder only has to produce the note to establish that presumption. The production of the note establishes his case prima facie against the [defendant] and he may rest there. . . . It [is] for the defendant to set up*

*and prove the facts* [*that*] *limit or change the plaintiff's rights.*" (Citation omitted; emphasis added; footnotes omitted; internal quotation marks omitted.) *JPMorgan Chase Bank, National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 143–44, 126 A.3d 1098 (2015), cert. denied, 320 Conn. 913, 130 A.3d 266 (2016); see also *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 126–27; *U.S. Bank, National Assn.* v. *Schaeffer*, supra, 160 Conn. App. 146–47.

In the present case, the defendant contends that the plaintiff was not the holder of the note and, therefore, lacked standing to pursue the foreclosure action. The defendant's argument is primarily focused on the two undated allonges to the note. The first allonge showed that ownership of the note had been transferred from the original lender, Comp-U-Fund, to SunTrust. The second allonge purportedly transferred ownership of the note from SunTrust to the plaintiff; however, this document contained a "VOID" stamp. The defendant claimed, therefore, that the "negotiable instrument became payable to SunTrust and could be negotiated only by SunTrust. [See General Statutes § 42a-3-205 (a)]. The uncontroverted facts are devoid of any assignments of the note from SunTrust to the [p]laintiff. As a result, the trial court should have found that the [p]laintiff was not entitled to enforce the note . . . ." We are not persuaded by the defendant's reasoning.

At the March 5, 2018 hearing, the court examined the original note and concluded that it had been endorsed in blank by SunTrust, making it a bearer instrument. It also concluded that the plaintiff, as the possessor of a note endorsed in blank and therefore payable to the bearer, was the valid holder and entitled to enforce the note.

It bears repeating that "[t]he holder of a note seeking to enforce the note through foreclosure must produce the note. The note must be endorsed so as to demonstrate that the foreclosing party is a holder, either by a specific endorsement or by means of a blank endorsement to bearer. . . . If the foreclosing party produces the note demonstrating that it is a valid holder of the note, the court is to presume that the foreclosing party is the rightful owner of the debt. . . . The defending party may rebut the presumption . . . but bears the burden to prove that the holder of the note is not the owner of the debt. . . . This may be done, for example, by demonstrating that ownership of the debt has passed to another party. . . . The defending party does not carry its burden by merely identifying some documentary lacuna in the chain of title that might give rise to the possibility that a party other than the foreclosing party owns the debt. . . . To rebut the presumption that the holder of a note endorsed specifically or to bearer is the rightful owner of the debt, the defending party must prove that another party is the owner of the

note and debt. . . . Without such proof, the foreclosing party may rest its standing to foreclose the mortgage on its status as the holder of the note." (Citations omitted; emphasis omitted.) *JPMorgan Chase Bank, National Assn.* v. *Simoulidis*, supra, 161 Conn. App. 145–46.

At the hearing on the defendant's motion to dismiss, the plaintiff presented the court with the original note endorsed in blank.[14] See, e.g., *Chase Home Finance, LLC* v. *Fequiere*, supra, 119 Conn. App. 577 (party in possession of promissory note endorsed in blank is valid holder and entitled to enforce note); *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 51–52, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013). At that point, the court properly concluded that the plaintiff was the owner of the debt and had standing to pursue the foreclosure action. See *Chase Home Finance, LLC* v. *Fequiere*, supra, 578 (possession of note endorsed in blank imports prima facie that party acquired note in good faith for value and in course of business, before maturity and without notice of any circumstances impeaching its validity). The defendant failed to satisfy his burden of proving that another party was the owner of the note and the debt. See id. Accordingly, we conclude that the court properly concluded that the plaintiff had standing and denied the defendant's motion to dismiss.

## II

The defendant next claims that the court improperly granted the plaintiff's motion for summary judgment. Specifically, he argues that genuine issues of material fact existed with respect to his (1) claim that the plaintiff lacked standing and (2) special defenses[15] of laches and unclean hands. We disagree and, accordingly, affirm the summary judgment rendered by the trial court in favor of the plaintiff.

We begin by setting forth the relevant legal principles. "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary. . . . [I]n seeking summary judgment, it is the movant who has the burden of showing . . . the absence of any genuine issue as to all the material facts [that], under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . .

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense. . . .

"A party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . In other words, [d]emonstrating a genuine issue of material fact requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be reasonably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a [dispute as to a] material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact . . . . The issue must be one which the party opposing the motion is entitled to litigate under [its] pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Internal quotation marks omitted.) *Seaside National Bank & Trust* v. *Lussier*, 185 Conn. App. 498, 502–503, 197 A.3d 455, cert. denied, 330 Conn. 951, 197 A.3d 391 (2018); see also *Bank of America, N.A.*, v. *Aubut*, 167 Conn. App. 347, 358, 143 A.3d 638 (2016).

In support of its motion for summary judgment, the plaintiff attached a memorandum of law, copies of the note, the two allonges and an affidavit from Hunt. Hunt's December 19, 2017 affidavit stated that SunTrust was the mortgage loan servicer for the plaintiff and that on the basis of her review of the business records relating to this note, "[o]n or before May 26, 2015, the [p]laintiff became and at all times since then has been the party entitled to collect the debt evidenced by the [n]ote . . . ." She also indicated that the note was in default as a result of nonpayment, the default had not been cured, and the plaintiff had exercised its right to accelerate the indebtedness.

In the defendant's February 5, 2018 initial objection to the motion for summary judgment, he argued that genuine issues of material fact existed as to the equitable defenses of laches[16] and unclean hands.[17] Approximately one month later, on March 2, 2018, the defendant filed a supplemental objection to the motion for summary judgment, essentially repeating the arguments contained in his memorandum of law in support of his motion to dismiss and claiming that a genuine issue of material fact existed as to whether the plaintiff had standing to bring and prosecute this foreclosure action.

On March 14, 2018, the court issued a memorandum of decision granting the plaintiff's motion for summary judgment. Specifically, it concluded that the plaintiff

had demonstrated a prima facie case for foreclosure of its mortgage and that the defendant had failed to establish the existence of any material fact regarding his liability under the note and mortgage. It then considered and rejected the defendant's arguments relating to his equitable defenses. Specifically, the court determined that the defendant had failed to submit any evidence to support his claim of an unreasonable delay by the plaintiff. Further, it observed that the record in the prior foreclosure action demonstrated that the delays were the result of his efforts to extend mediation, and not the result of any action or inaction on the part of the plaintiff. The court also stated that the defendant had not alleged any facts other than the passage of time that created an issue of fact regarding any prejudice. Finally, the court concluded: "Therefore, as the defendant has filed no affidavits or other evidence in opposition to the plaintiff's motion, the court agrees with the plaintiff that the defendant's objection is based solely on the allegations of inequitable conduct with no evidentiary support."

A

The defendant first argues that a genuine issue of material fact existed as to the plaintiff's standing. Specifically, he contends that the note was not endorsed in blank and was payable to SunTrust, not to the plaintiff. Additionally, the plaintiff claims that there was no evidence that the note had been transferred to the plaintiff and, therefore, "[t]here is an issue of fact as to whether the [p]laintiff is the owner of the note." We disagree.

As we explained in greater detail in part I of this opinion, the plaintiff demonstrated to the trial court that it possessed the note endorsed in blank. A party in possession of a note endorsed in blank and, therefore, payable to the bearer, is a valid holder of that instrument and entitled to enforce it and, thus, has standing to commence and prosecute a foreclosure action. *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 51–52, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013). Additionally, Hunt's affidavit stated that the plaintiff was the party entitled to collect the debt evidenced by the note and to enforce the mortgage securing that debt. The plaintiff, therefore, established that it had standing to prosecute this foreclosure action. See, e.g., *21st Mortgage Corp.* v. *Schumacher*, 171 Conn. App. 470, 486, 157 A.3d 714, cert. denied, 325 Conn. 923, 159 A.3d 1171 (2017).

In contrast, the defendant failed to produce any evidence raising a genuine issue of material fact regarding the plaintiff's standing. His arguments failed to account for the blank endorsement on the note and focused primarily on the two allonges, one of which contains a "VOID" stamp. The existence of these two allonges does not negate the fact that the plaintiff possessed the note endorsed in blank and, therefore, had standing to fore-

close. See *21st Mortgage Corp.* v. *Schumacher*, supra, 171 Conn. App. 486. Accordingly, for the reasons previously set forth in this opinion, we are not persuaded that a genuine issue of material fact exists with respect to the plaintiff's standing in the present matter.

B

The defendant next argues that genuine issues of material fact existed as to his equitable defenses of laches and unclean hands. Specifically, he emphasizes the six year delay between the May, 2009 default and the commencement of the present action. He further contends that this delay unnecessarily increased his debt and decreased the value of the property. Finally, he claims that the extended delay in this case created an issue of fact as to whether the plaintiff had acted fairly, equitably and honestly. We are not persuaded.

The following additional facts are necessary for the resolution of this claim. After the plaintiff filed a demand for disclosure of defenses pursuant to Practice Book § 13-19, the defendant disclosed the special defenses of laches and unclean hands on October 23, 2017. On January 31, 2018, the defendant filed a request to amend his answer and to include the special defenses of laches and unclean hands. On February 22, 2018, the court overruled the plaintiff's objection to the request to amend the answer.[18] The plaintiff subsequently replied to the defendant's special defenses.

Under the procedural posture of this case, the defendant bore the burden of demonstrating the existence of a genuine issue of material fact with respect to his equitable defenses of laches and unclean hands. See *Bank of America, N.A.* v. *Aubut*, supra, 167 Conn. App. 382. Specifically, he asserted that such issues existed as to whether (1) the plaintiff's delay in commencing this action caused the debt to become greater than his equity in the property, (2) the value of the property declined as a result of the plaintiff's delay and (3) the plaintiff's delay had been fair, equitable and honest. The defendant, however, failed to support these assertions with any evidence. See, e.g., *LaSalle National Bank* v. *Shook*, 67 Conn. App. 93, 99, 787 A.2d 32 (2001). Such bald assertions are insufficient to defeat a motion for summary judgment. See, e.g., *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); *Gough* v. *Saint Peter's Episcopal Church*, 143 Conn. App. 719, 728–29, 70 A.3d 190 (2013). We agree with the trial court that the defendant has not met his burden. Accordingly, we conclude that the court properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

[1] In its complaint, the plaintiff also named the Department of Revenue

Services and the Internal Revenue Service as defendants but these governmental entities are not parties to this appeal. We therefore refer in this opinion to Christopher M. Fitzpatrick as the defendant.

[2] The court issued the following order: "The above entitled matter was dismissed at the dormancy calendar of [June 26, 2014]."

[3] "As one court has explained, MERS does not originate, lend, service, or invest in home mortgage loans. Instead, MERS acts as the nominal mortgagee for the loans owned by its members. The MERS system is designed to allow its members, which include originators, lenders, servicers, and investors, to assign home mortgage loans without having to record each transfer in the local land recording offices where the real estate securing the mortgage is located. . . .

"The benefit of naming MERS as the nominal mortgagee of record is that when the member transfers an interest in a mortgage loan to another MERS member, MERS privately tracks the assignment within its system but remains the mortgagee of record. According to MERS, this system saves lenders time and money, and reduces paperwork, by eliminating the need to prepare and record assignments when trading loans. . . .

"If, on the other hand, a MERS member transfers an interest in a mortgage loan to a non-MERS member, MERS no longer acts as the mortgagee of record and an assignment of the security instrument to the non-MERS member is drafted, executed, and typically recorded in the local land recording office." (Internal quotation marks omitted.) *21st Mortgage Corp.* v. *Schumacher*, 171 Conn. App. 470, 472 n.1, 157 A.3d 714, cert. denied, 325 Conn. 923, 159 A.3d 1171 (2017).

[4] As we set forth in greater detail in part II B of this opinion, the court permitted the defendant to amend his answer and to raise the special defenses of laches and unclean hands on February 26, 2018.

[5] Specifically, the plaintiff noted that "[t]o establish a prima facie case, a foreclosing mortgagee must plead and prove that there was a loan, evidenced by a promissory note, secured by a mortgage, that the loan is in default and the debt has been accelerated. . . . [The] [p]laintiff's [c]omplaint alleges the necessary allegations to state a cause of action for mortgage foreclosure, and all of the allegations of [the] [p]laintiff's [c]omplaint material to liability are proved by competent evidence or admission." (Citation omitted.) See, e.g., *Bank of New York Mellon* v. *Horsey*, 182 Conn. App. 417, 435, 190 A.3d 105, cert. denied, 330 Conn. 928, 194 A.3d 1195 (2018).

[6] Practice Book § 10-30 (a) provides: "A motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; and (4) insufficiency of service of process."

[7] "The definitions of the terms blank endorsement and special endorsement are relevant to the defendant's claims. If an endorsement is made by the holder of an instrument . . . and the endorsement identifies a person to whom it makes the instrument payable, it is a special endorsement. When specially endorsed, an instrument becomes payable to the identified person and may be negotiated only by the endorsement of that person. . . . If an endorsement is made by the holder of an instrument and is not a special endorsement it is a blank endorsement. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. General Statutes § 42a-3-205 (a) and (b)." (Internal quotation marks omitted.) *U.S. Bank, N.A.* v. *Ugrin*, 150 Conn. App. 393, 396 n.6, 91 A.3d 924 (2014).

The special endorsement provides: "Pay Without Recourse to the order of: SUNTRUST MORTGAGE, INC."

By: SUNTRUST MORTGAGE, INC., POA FOR COMP-U-FUND MORTGAGE CORP. (POA ON FILE-PROVIDED UPON REQUEST)"

The endorsement was signed by the assistant vice president as attorney-in-fact for Comp-U-Fund.

[8] "An allonge is [a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements. . . . Pursuant to General Statutes § 42a-3-204 (a), [f]or the purpose of determining whether a signature is made on [a negotiable] instrument, [an allonge] is a part of the instrument." (Citation omitted; internal quotation marks omitted.) *AS Peleus, LLC* v. *Success, Inc.*, 162 Conn. App. 750, 755 n.3, 133 A.3d 503 (2016); see also *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49 Conn. App. 563, 566 n.3, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998).

In his memorandum of law, the defendant incorrectly asserted that the allonges were dated August 16, 2007. Although that date does appear on

the allonges, it appears to be in reference to the execution date of the note itself, and not the date of the allonges.

[9] The defendant did not address the blank endorsement contained on page three of the note in his memorandum of law in support of his motion to dismiss or in his supplemental objection to the plaintiff's motion for summary judgment.

[10] The blank endorsement on page three of the note stated:

"WITHOUT RECOURSE PAY TO THE ORDER OF

_____

SUNTRUST MORTGAGE, INC."

It was signed by Dean Liverman, an officer of SunTrust.

[11] Specifically, the court stated: "Okay. All right. The court respectfully disagrees. The court overrules—or the court denies the motion to dismiss for the reasons stated therein. It is clear to the court that the note is endorsed in blank on the signature page, and the plaintiff . . . has possession of the note. It appears to the court that [it is] the proper [party] to foreclose the mortgage. Let the record reflect I'm giving back the original note to the plaintiff's counsel. The motion to dismiss is respectfully denied, the objection is sustained, and we will now move forward."

The court issued the following order on May 6, 2018: "After a hearing on the motion, at which both parties appeared, the court finds: (1) that the plaintiff is the holder of the promissory note which is the subject of this action; and (2) that the note was endorsed in blank by [SunTrust], making it a bearer instrument. The plaintiff therefore has standing to bring this action. The defendant's motion to dismiss for lack of subject matter jurisdiction is denied."

[12] The plaintiff's counsel stated: "First of all, the court has examined the original note; the court knows that the plaintiff—has already found that the plaintiff is the holder and entitled to proceed with the foreclosure action. The affidavits and documentary evidence submitted with the plaintiff's motion for summary judgment, including the affidavit established the default and notice of default given, have not been controverted by the defendant in connection with that.

"*The supplemental objection to the plaintiff's motion for summary judgment is predicated entirely on the claims that were just argued with regard to the motion to dismiss*. Since the plaintiff has the original note endorsed in blank and therefore has . . . standing and the right to enforce it it—the issues raised by the supplemental objection to the motion to dismiss fail as to an objection to summary judgment as they failed in connection with the motion to dismiss. The reason being that—if anything, the motion to dismiss establishes by using the exact same documents the plaintiff would to show that they're [consistent] of the note as endorsed with the allonge, with the mortgage attached as exhibit A to the motion to dismiss; the assignments attached as exhibits C and D to the motion to dismiss. So, the defendant has submitted to the court for its motion the same evidence that the plaintiff had submitted for summary judgment in terms of its right to foreclose." (Emphasis added.)

[13] We note that our Supreme Court has stated: "The law governing . . . foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . Because foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done. . . . In exercising its equitable discretion, however, the court must comply with mandatory statutory provisions that limit the remedies available to a foreclosing mortgagee. . . . It is our adjudicatory responsibility to find the appropriate accommodation between applicable judicial and statutory principles." (Citations omitted; footnote omitted; internal quotation marks omitted.) *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 256–57, 708 A.2d 1378 (1998).

[14] In his principal brief, the defendant, without any analysis or legal citation, contends that the note "by way of both page three and the allonge to SunTrust, identifies SunTrust as the entity to whom it is payable. It is therefore, 'specially endorsed.' Accordingly, it is not endorsed in blank or bearer paper such that the holder is entitled to commence a foreclosure as the court suggested in its ruling." He repeats this bald assertion in his reply brief.

The trial court examined the original note provided by the plaintiff at the March 5, 2018 hearing and concluded that it contained a blank endorsement executed by SunTrust. See General Statutes § 42a-3-205 (b). The defendant disagrees with that determination but failed to support his contrary position

with any legal authority. The defendant's conclusory assertion of error by the trial court is insufficient to persuade this court that the endorsement on page three of the note was a special endorsement. See, e.g., *Jalbert* v. *Mulligan*, 153 Conn. App. 124, 145, 101 A.3d 279 (appellate courts do not presume error by trial court; appellant bears burden to demonstrate reversible error and unsupported statements, divorced from any meaningful analysis do not satisfy that burden), cert. denied, 315 Conn. 901, 104 A.3d 107 (2014); see generally *Cornfield Associates Ltd. Partnership* v. *Cummings*, 148 Conn. App. 70, 78, 84 A.3d 929 (2014), cert. denied, 315 Conn. 929, 110 A.3d 433 (2015); *Emigrant Mortgage Co.* v. *D'Agostino*, 94 Conn. App. 793, 803, 896 A.2d 814, cert. denied, 278 Conn. 919, 901 A.2d 43 (2006).

[15] "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

Although the defenses to a foreclosure action historically have been limited to payment, discharge, release or satisfaction, or lien invalidity, Connecticut courts have permitted several equitable defenses to a foreclosure action. See *Bank of America*, *N.A.* v. *Aubut*, 167 Conn. App. 347, 372, 143 A.3d 638 (2016); see also *LaSalle National Bank* v. *Shook*, 67 Conn. App. 93, 97, 787 A.2d 32 (2001) (where plaintiff's conduct is inequitable, court may withhold foreclosure on equitable considerations and principles).

[16] "The defense of laches, if proven, bars a plaintiff from [obtaining] equitable relief in a case in which there has been an inexcusable delay that has prejudiced the defendant. . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." (Internal quotation marks omitted.) *TD Bank*, *N.A.* v. *Doran*, 162 Conn. App. 460, 466, 131 A.3d 288 (2016); see generally *Florian* v. *Lenge*, 91 Conn. App. 268, 281–82, 880 A.2d 985 (2005).

[17] "The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. . . . Unless the plaintiff's conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." (Internal quotation marks omitted.) *Thompson* v. *Orcutt*, 257 Conn. 301, 310, 777 A.2d 670 (2001); see also *Monetary Funding Group*, *Inc.* v. *Pluchino*, 87 Conn. App. 401, 407, 867 A.2d 841 (2005).

[18] Specifically, the court stated: "Objection overruled. [The] [d]efendant has asserted laches and unclean hands in his [d]isclosure of [d]efense[s] . . . and has briefed laches and unclean hands in opposition to [the] plaintiff's [m]otion for [s]ummary [j]udgment . . . . [The] [p]laintiff is not surprised [or] prejudiced by permitting laches and unclean hands to be filed as a special defense. Connecticut has [a] liberal amendment policy before, during and even after trial."

---